John **CRENSHAW**

v.

**UNITED STATES of America.**

Civil Action No. G–96–342.

United States District Court, S.D. Texas, Galveston Division.

March 25, 1997.

Woodrow Epperson, Houston, TX, for Plaintiff.

Stephen E. Handler, U.S. Dept. of Justice, Civil Division, Washington, DC, for Defendant.

### ORDER GRANTING MOTION
### TO DISMISS

KENT, District Judge.

Now before the Court is Defendant's Motion to Dismiss, dated September 30, 1996. For the reasons set forth below, the Motion is **GRANTED** and all claims based in federal law are **DISMISSED WITH PREJUDICE.**

Plaintiff's claims are based on alleged attempts of the National Aeronautics and Space Administration (NASA) personnel to "entrap" Plaintiff into committing crimes. Defendant admits that the law enforcement agents described in the Complaint were FBI agents who were involved in an undercover operation to investigate entities and/or individuals who may have been engaged in fraudulent practices to secure contracts with NASA. This investigation was supported by NASA, Office of Inspector General (NASA–OIG),

The Plaintiff's Complaint specifically alleges the following facts. In early 1992, two undercover agents represented themselves to Plaintiff as officers of a company known as "Southern Technologies Diversified" (STD). At that time, Plaintiff was an employee of Winzen International, Inc., in San Antonio, Texas. The agents attempted to induce the Plaintiff to market a fictitious device which had the capability of ultrasonic imaging and could be developed into a miniaturized "multi-tissue ultrasonic imaging system" (MTUIS) to comply with NASA's stated needs. The agents told Plaintiff that this fictitious device was the basis for a contract proposal to NASA to obtain NASA funding for development and manufacturing the MTUIS for use on the NASA space shuttle and long duration space flights. The agents also told Plaintiff that STD was submitting a bid related to this device to a Westinghouse maquiladora operation in El Paso.

Relying upon these representations, Plaintiff contacted JM Beggs Associates, a firm of government relations experts that specialized in assisting corporations in entering and managing government projects. Plaintiff also prepared and submitted to Westinghouse a bid with a price quote for packaging material in support of the nonexisting STD bid.

At various times throughout the investigation, the agents suggested to Plaintiff that he could act illegally and secure favorable treatment from NASA in connection with the project. In return, the agents suggested that they would invest capital in Winzen, arrange for a substantial loan to Winzen, and help arrange for Winzen to secure an additional government contract in Texas. Plaintiff did not enter into any illegal agreement and committed no wrongdoing.

Based on these facts, Plaintiff's Complaint alleges that the device was "fictitious and fraudulent" and that the agents falsely represented themselves, the device, their company and the bid to Westinghouse. The Complaint alleges that after Plaintiff discovered the true nature of the device and the representations made, he suffered irremediable damage to his professional standing and reputation with NASA and the aerospace industry. In addition, Plaintiff appears to assert the following claims against the Defendant: negligent investigation, misrepresentation, interference with contract rights, violation of the Fourth and Fifth Amendments, malicious prosecution, false arrest, false imprisonment, and abuse of process.[1] The Court will address each of the Plaintiff's claims in turn.

When considering a Rule 12(b)(6) motion to dismiss, the Court must assume the truthfulness of the allegations in the Plaintiff's Complaint. *Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993). The motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061 (5th Cir.1994).

The Federal Tort Claims Act is a limited waiver of sovereign immunity. It

---

**1.** In his Response, Plaintiff maintains that he did not plead claims of malicious prosecution, false arrest, false imprisonment, or abuse of process by investigative or law enforcement officers of the United States. In an abundance of caution, the Court will *briefly* address these claims on the merits as if they had been pled.

gives the Court subject matter jurisdiction over certain tort claims and withholds jurisdiction as to other tortious acts and omissions. *Dalehite v. United States,* 346 U.S. 15, 30–34, 73 S.Ct. 956, 965–67, 97 L.Ed. 1427 (1953); *United States v. Orleans,* 425 U.S. 807, 813–14, 96 S.Ct. 1971, 1975–76, 48 L.Ed.2d 390 (1976). Under the FTCA, there is no subject matter jurisdiction over claims

> based on the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680(a). This exception to the waiver of immunity is commonly referred to as the "discretionary function exception." It is well established that claims challenging discretionary decisions as to whether and how to investigate possible violations of federal law are barred by this exception. *See Smith v. United States,* 375 F.2d 243 (5th Cir.), *cert. denied,* 389 U.S. 841, 88 S.Ct. 76, 19 L.Ed.2d 106 (1967).

■ Plaintiff's negligent investigation claims are based largely on the manner in which the FBI or other law enforcement agencies, *i.e.,* NASA–OIG, conducted investigatory activities. These claims impermissibly attempt to second-guess the FBI's exercise of policy judgment and decision making in the conduct of its law enforcement activities. Even so, the Court must not accept the presumption that the discretionary function exception applies without analyzing the specific facts of this case. The Supreme Court set forth a method for such analysis in *United States v. Gaubert,* 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991), holding that there are two basic elements to the exception. First, the exception applies to acts that involve an element of judgment or choice. *Id.* at 319–20, 111 S.Ct. at 1272; *McNeily v. United States,* 6 F.3d 343, 348 (5th Cir.1993) (applying the *Gaubert* criteria) In other words, the conduct did not involve mandatory compliance with a particular federal statute, regulation or policy. *Id.* Second, the challenged conduct must be of the type that the discretionary function exception was designed to shield. *Id.* In *Gaubert,* the Court

held that the exception was designed to shield actions "based on considerations of public policy." *Gaubert,* 499 U.S. at 323, 111 S.Ct. at 1274; *McNeily,* 6 F.3d at 348.

Under the facts in Plaintiff's Complaint, it is clear that the actions taken by the law enforcement agents involved an element of judgment or choice. There is no federal statute or regulation that scripts the interactions between law enforcement agents and suspect during undercover operations. The agents involved in this case utilized their own judgment at every stage of the sting operation. Furthermore, it is clear that the discretion exercised by these law enforcement agents while conducting the investigation was guided by public policy considerations. In making decisions related to the investigation, the agents were concerned with obtaining evidence of illegal activities against Mr. Crenshaw. Their decisions to take or refrain from certain actions were controlled by their desire to obtain this evidence. Obviously, this objective correlates with the public policy goal of punishing and deterring those who violate federal laws. Therefore, the actions and omissions connected with the investigation satisfy both prongs of *Gaubert* and the discretionary function exception applies to exclude Plaintiff's negligent investigation claims. Accordingly, the Motion to Dismiss with respect to those claims is **GRANTED** and those claims are **DISMISSED WITH PREJUDICE for WANT OF SUBJECT MATTER JURISDICTION.**

■ The FTCA also carves out an exception to the waiver of immunity for certain intentional torts. Under the FTCA there is no subject matter jurisdiction for claims

> arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided,* That with regard to the acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of [the FTCA] shall apply to any claim arising . . . out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. . . .

28 U.S.C. § 2860(h). Thus, the Plaintiff's claims of misrepresentation, interference with contract rights, libel and slander[2] are barred by this exception.

■ Plaintiff's claims relating to the agents' misrepresentations are excluded from the FTCA's waiver of immunity. Section 2680(h) encompasses negligent as well as deliberate misrepresentations. *United States v. Neustadt*, 366 U.S. 696, 702, 704, 81 S.Ct. 1294, 1298, 1299, 6 L.Ed.2d 614 (1961); *McNeily*, 6 F.3d at 347. In this case, Plaintiff's Complaint alleges that the device was "fictitious and fraudulent" and that the agents falsely represented themselves, their company, the device and their intention to submit a bid to Westinghouse. The Complaint further alleges that Plaintiff relied on these misrepresentations when he contacted JM Beggs Associates and later submitted a supporting bid to Westinghouse. Plaintiff claims that when the true nature of the device and the representations made were revealed, he "suffered irremedial damage to his professional reputation and standing," as well as other pecuniary and exemplary damages. This cause of action clearly falls within the misrepresentation exception. Accordingly, the Motion to Dismiss is **GRANTED** as to the misrepresentation claim and that claim is **DISMISSED WITH PREJUDICE** for **WANT OF SUBJECT MATTER JURISDICTION.**

■ Plaintiff's claims of interference with contract rights are likewise excluded from the FTCA's waiver of immunity. This exclusion bars not only claims arising from negligent or intentional interference with existing contract rights, but also claims for interference with prospective economic advantage. *Art Metal–USA, Inc. v. United States*, 753 F.2d 1151, 1155 (D.C.Cir.1985); *Moessmer v. United States*, 760 F.2d 236, 237 (8th Cir.1985). The Plaintiff's Complaint alleges that Plaintiff's ability to contract with NASA and its contractors was damaged as a result of his involvement in the marketing of the fictitious device and his reliance on the agents' misrepresentations regarding this de-

vice. However, the Fifth Circuit has barred claims arising out of the investigatory activities of federal agencies that resulted in the loss of contracts and other courts have similarly barred claims arising out of investigatory activities that resulted in the cancellation of contracts and the loss of future business activities. *See Atorie v. FAA*, 942 F.2d 954, 957 (5th Cir.1991); *Cooper v. American Auto. Ins., Co.*, 978 F.2d 602, 612 (10th Cir. 1992). Thus, the Plaintiff's cause of action, though artfully pled, falls squarely within the interference with contract rights exception. Accordingly, the Motion to Dismiss is **GRANTED** as to that claim and it is **DISMISSED WITH PREJUDICE** for **WANT OF SUBJECT MATTER JURISDICTION.**

■ Plaintiff's claims regarding the damage to his professional standing and reputation in the aerospace community and NASA due to the false representations made by the agents are also barred by 28 U.S.C. § 2680(h). Claims which are based upon communications that unfairly, improperly or falsely criticize a person or his conduct and purportedly impair that person's reputation, character or good name are excluded under the libel and slander exception. *Art Metal–USA, Inc.*, 753 F.2d at 1155–56; *Taylor v. Federal Home Loan Bank Bd.*, 661 F.Supp. 1341, 1348 (N.D.Tex.1986); *Bosco v. U.S. Army Corps of Engineers*, 611 F.Supp. 449, 452–53 (N.D.Tex.1985).

Plaintiff's Complaint alleges that Plaintiff's "professional standing and reputation" were damaged when the true nature of the device and the agents' false representations were revealed. Because Plaintiff's interest in his professional standing and reputation are encompassed by the tort of defamation, these claims are barred by the libel and slander exception. The Court is not persuaded by Plaintiff's attempt to draw a distinction between a damage to reputation theory and the torts of libel and slander based on the fact that his claims are based on his claims of negligent investigation, *i.e.,* defendant's *actions*. This argument is contradicted by the Complaint's specific allegations that Plaintiff

---

**2.** Plaintiff words his claim as a claim of damage to his professional reputation and standing. · As discussed *infra,* although the Court applauds counsel's effort to artfully plead around the statute, Plaintiff's claims clearly arise out of excluded intentional torts.

suffered damage to his professional standing and reputation when the misrepresentations and the fictitious nature of the device in question were revealed. Plaintiff cannot avoid the preclusive effect of the libel and slander exception by artfully disguising his claim. Accordingly, the Motion to Dismiss is **GRANTED** as to Plaintiff's claims regarding damage to his professional standing and reputation and these claims are **DISMISSED WITH PREJUDICE** for **WANT OF SUBJECT MATTER JURISDICTION.**

The Plaintiff's Complaint also alleges claims for damages under the FTCA because the Defendant's actions constitute unconstitutional entrapment in violation of his rights under the Fourth and Fifth Amendments of the United States Constitution. However, claims based on violations of constitutional rights cannot form the basis for a cause of action under the FTCA. *F.D.I.C. v. Meyer*, 510 U.S. 471, 477–78, 114 S.Ct. 996, 1001, 127 L.Ed.2d 308 (1994). The Supreme Court firmly precluded such claims stating that the "United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims." *Id.* at 478, 114 S.Ct. at 1001. Therefore, as the United States cannot be held liable for damages under the FTCA for violations of his constitutional rights, the Motion to Dismiss regarding Plaintiff's constitutional tort claims based on violations of the Fourth and Fifth Amendments is GRANTED and those claims are **DISMISSED WITH PREJUDICE** for **WANT OF SUBJECT MATTER JURISDICTION.**

Finally, Plaintiff's Complaint alleges that he has sustained damages "arising out of false imprisonment, false arrest, abuse of process or malicious prosecution in violation of 28 U.S.C. § 2680(h)." It is Plaintiff's burden to allege in his Complaint the essential elements of each of his causes of action. A Complaint that fails to allege the essential elements of false imprisonment, false arrest, abuse of process and malicious prosecution is fatally defective.[3]

Plaintiff's Complaint in this case fails to allege facts to support any claims of false imprisonment, false arrest, abuse of process or malicious prosecution. For example, Plaintiff does not allege that any criminal action was commenced against him, that the prosecution was caused by the Defendant, or that he was ever willfully detained without his consent. Nor does Plaintiff name any judicial process that the Defendant misused for its own invalid purposes. In short, Plaintiff has failed to point to any facts set forth in the Complaint that, if proved, would establish these torts. Therefore, because the Plaintiff has failed to state a cause of action for the torts of false imprisonment, false arrest, abuse of process and malicious prosecution, the Motion to Dismiss regarding such claims is **GRANTED** and those claims are **DISMISSED WITH PREJUDICE.**

For the reasons set forth above, the Defendant's Motion to Dismiss is **GRANTED** and all claims are hereby **DISMISSED WITH PREJUDICE.**

IT IS SO ORDERED.

---

3. Under Texas law, a plaintiff must prove seven elements to recover on a malicious prosecution claim: (1) a criminal action was commenced against him; (2) the prosecution was caused by the defendant or with his aid; (3) the action terminated in the plaintiff's favor; (4) the plaintiff was innocent; (5) the defendant acted without probable cause; (6) the defendant acted with malice; and (7) the criminal proceeding damaged the plaintiff. *Brown v. United States*, 653 F.2d 196, 198–99 (5th Cir.1981), *cert. denied*, 456 U.S. 925, 102 S.Ct. 1970, 72 L.Ed.2d 440 (1982).

Under Texas law, the essential elements of a cause of action for false imprisonment or false arrest are: (1) willful detention; (2) without consent; and (3) without authority of law. *Sears,* *Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex.1985).

Under Texas law, an action for abuse of process presupposes an originally valid and regular process duly and properly issued. *Futerfas v. Park Towers*, 707 S.W.2d 149, 160 (Tex.App.— Dallas 1986, writ ref'd n.r.e.). After such process has been issued, a plaintiff must prove three elements to bring an abuse of process claim: (1) that the defendant made an illegal, improper, or perverted use of process, a use neither warranted nor authorized by the process; (2) that the defendant had an ulterior motive or purpose in exercising such illegal, improper, or perverted use of process; and (3) that damage resulted to the plaintiff as a result of such irregular act. *Id.*