# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 2, 2010

Lyle W. Cayce
Clerk

No. 07-40416

MONICA CASTRO, For Herself and as Next Friend of R.M.G.,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, Chief Judge, KING, JOLLY, DAVIS, SMITH, WIENER, GARZA, DeMOSS, BENAVIDES, STEWART, DENNIS, CLEMENT, PRADO, OWEN, ELROD, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:

I.

Monica Castro, for herself and as next friend of R.M.G., her minor child (jointly "Castro"), sued the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, alleging, *inter alia*, that the government's

negligence caused the wrongful deportation of R.M.G., a U.S. citizen. The government moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) or, alternatively, for summary judgment pursuant to Federal Rule of Civil Procedure 56. The district court held that the government is protected from suit by 28 U.S.C. § 2680(a), the discretionary function exception of the FTCA. In a comprehensive and well-reasoned opinion, the court entered a final judgment dismissing Castro's tort claims for lack of subject matter jurisdiction and dismissing her constitutional and injunctive claims as moot. *Castro v. United States*, 2007 U.S. Dist. LEXIS 9440 (S.D. Tex. Feb. 9, 2007) (Jack, J.).

A divided panel of this court reversed and remanded. *Castro v. United States*, 560 F.3d 381 (5th Cir. 2009). The court granted rehearing en banc, thus vacating the panel opinion. *Castro v. United States*, 581 F.3d 275 (5th Cir. 2009). Concluding that the discretionary function exception applies, we affirm the judgment of the district court.

## II.

The pertinent facts are not in dispute and are cogently set forth in the district court's and panel's opinions. Although, like the district court, we "[do] not condone the Border Patrol's actions or the choices it made," *Castro*, 2007 U.S. Dist. LEXIS 9440, at *27, the district court was correct in concluding that, because plaintiff's tort claims are barred by the discretionary function exception to the FTCA, the court was without subject matter jurisdiction, and the government's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) should be granted.

Correctly noting that the burden on a rule 12(b)(1) motion is on the party asserting jurisdiction––here, Castro––the court, in a comprehensive and convincing order, carefully explained that the two prongs of *United States v. Gaubert*, 499 U.S. 315, 322-23 (1991), are satisfied:

2

No. 07-40416

> . . . [T]he Border Patrol Agents' decision to let R.M.G. accompany her father back to Mexico was the product of a judgment or choice, and the Border Patrol Agents' conduct in the situation was not mandated by any statute, regulation or policy . . . . [T]he Border Patrol Agents' decision was unequivocally subject to policy analysis, as it involved the use of government resources and necessarily involved a decision as to what the Border Patrol should do with a United States citizen child in the unique circumstances presented by such a case.

*Castro*, 2007 U.S. Dist. LEXIS 9440, at \*22-\*23, \*33.

We affirm, essentially for the reasons given by the district court, the dismissal of the FTCA claims for want of jurisdiction. We also agree with the district court's explanation that the constitutional claims are moot, as is the claim for injunctive relief.

AFFIRMED.

07-40416

HAROLD R. DeMOSS, JR., Circuit Judge,  dissenting:

I concur in Judge Stewart's astute dissent.  If the Border Patrol agents exceeded the scope of their authority, the discretionary function exception would not apply and Monica Castro's tort claims would not be barred by sovereign immunity.  But, even if the Border Patrol agents acted within the scope of their authority and the discretionary function exception applied, Castro's claims for false imprisonment, abuse of process, and assault would not be barred by sovereign immunity.  The law enforcement proviso waives sovereign immunity for those claims.

"Generally, sovereign immunity bars suits against the Government." *Ashford v. United States*, 511 F.3d 501, 504 (5th Cir. 2007).  The Federal Tort Claims Act waives "the Government's sovereign immunity for torts committed by its employees in circumstances where, if the Government were a private person, the Government would be liable under state law." *Martin v. Halliburton*, 601 F.3d 381, 390-91 (5th Cir. 2010) (citations omitted);  *see* 28 U.S.C. § 1346(b)(1).  This general waiver of sovereign immunity is circumscribed by a list of exceptions in 28 U.S.C. § 2680.  *Ashford*, 511 F.3d at 504.  Pertinent to this appeal are the discretionary function and intentional tort exceptions.

Under § 2680 sovereign immunity is not waived when the claim is "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty" (the discretionary function exception) or when the claim arises "out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights" (the intentional tort exception).  28 U.S.C. § 2680 (a) & (h).  The law enforcement proviso in § 2680(h), however, provides an exception to these exceptions.  *See Nguyen v. United States*, 556 F.3d 1244, 1255-56 (11th Cir. 2009);  *Sutton v. United States*, 819 F.2d 1289, 1297 (5th Cir. 1987);  *see also* § 2680(h).  The proviso waives sovereign immunity "with regard to acts

4

or omissions of investigative or law enforcement officers" for "any claim arising . . . out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution." § 2680(h). If the law enforcement proviso applies, sovereign immunity is waived and the discretionary function and intentional tort exceptions will not bar a plaintiff's claims for relief. *Nguyen*, 556 F.3d at 1256-57 (effecting "the plain meaning and clear purpose of the statutory language by concluding that sovereign immunity does not bar a claim that falls within the proviso to subsection(h), regardless of whether the acts giving rise to it involve a discretionary function"); *see Sutton*, 819 F.2d at 1297 (concluding that "the discretionary function exception cannot be an absolute bar which one must clear to proceed under [the] § 2680(h)" law enforcement proviso).

Monica Castro alleged the following torts against the United States: negligence, intentional infliction of emotional distress, false imprisonment, abuse of process, and assault. The district court correctly found that the law enforcement proviso applies to Castro's claims for false imprisonment, abuse of process, and assault. Neither party contests that finding. Because the law enforcement proviso applies, sovereign immunity is waived. The court has subject matter jurisdiction over these claims and the district court's holding to the contrary is in error.

For these reasons and for the reasons stated by Judge Stewart, I dissent.

07-40416

CARL E. STEWART, Circuit Judge, joined by HAROLD R. DeMOSS, JR., Circuit Judge, dissenting:

With undisputed knowledge of the United States citizenship of baby girl R.M.G., Border Patrol agents in Lubbock, Texas, took R.M.G. into custody with her undocumented father, Omar Gallardo, when he was detained for removal. Monica Castro, R.M.G.'s United States citizen mother, pleaded with the Border Patrol to turn over her daughter and allow her to remain in the United States. Castro also frantically sought to secure a temporary custody order in a matter of hours. But on the very same day that R.M.G. and Gallardo were detained, and although Gallardo did not have a custody order in his favor, the Border Patrol deported R.M.G. and Gallardo to Mexico. Castro could not locate her daughter for the next three years.

The majority acknowledges the novel facts of this case, but minimizes their importance to the legal inquiry. The majority further erroneously applies the principles of Rule 12(b) according to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and disregards the Supreme Court's instruction to "narrowly construe[ ] exceptions to waivers of sovereign immunity . . . in the context of the sweeping language of the [FTCA]." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 492 (2006) (internal citations and quotation marks omitted). I therefore respectfully dissent.

I.

On behalf of herself and R.M.G., Castro brought state law claims of negligence, intentional infliction of emotional distress, and false imprisonment against the United States under the Federal Tort Claims Act ("FTCA"). Castro plausibly alleged that the Border Patrol exceeded the scope of its authority under the Immigration and Nationality Act of 1953 ("INA"), 8 U.S.C. § 1101 *et seq.*, and the Fourth and Fifth Amendments. The discretionary function exception to the FTCA does not shelter against liability for unauthorized actions

6

07-40416

by government agents, yet the majority nonetheless applies the discretionary function exception without any inquiry into whether the Border Patrol agents acted in excess of their authority. In my view, the order granting the Government's Rule 12(b)(1) motion to dismiss based on the discretionary function exception should be vacated and the case remanded for an evaluation of whether the Border Patrol acted outside of its authority.

## II.

The FTCA provides consent for suit against the United States "for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). One exception to the FTCA's consent-to-be-sued is the discretionary function exception, 28 U.S.C. § 2680(a), the purpose of which is "to prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and public policy. . . ." *United States v. Gaubert*, 499 U.S. 315, 323 (1991). The discretionary function exception applies when: (1) the challenged government action involves "an element of judgment or choice" by a government agent and (2) the complained-of choice is "the kind that the discretionary function exception was designed to shield." *Id*. at 322-23 (citing *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)).

The discretionary function exception does not protect the unauthorized acts of government agents. *See Berkovitz*, 486 U.S. at 539 ("The discretionary function exception applies only to conduct that involves the *permissible* exercise of policy judgment.") (emphasis added); *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994) ("Through the enactment of the FTCA, the government has generally waived its sovereign immunity from tort liability for the negligent or wrongful acts or omissions of its agents who act within the scope of their

7

07-40416

employment."). "[C]ourts have read the Supreme Court's discretionary function cases as denying protection to actions that are unauthorized because they are unconstitutional, proscribed by statute, or exceed the scope of an official's authority." *Thames Shipyard & Repair Co. v. United States*, 350 F.3d 247, 254 (1st Cir. 2003) (internal citations omitted). This safeguard inherent in the discretionary function exception has been recognized by seven other circuits,[1] in addition to this circuit. *See Sutton v. United States*, 819 F.2d 1289, 1293 (5th Cir. 1987) (concluding that action by a government agent "does not fall within the discretionary function exception of § 2680(a) when governmental agents exceed the scope of their authority as designated by statute or the Constitution."). Despite the overwhelming weight of authority and our own precedent, the majority entirely ignores the principle that the discretionary function exception does not encompass unauthorized actions.

If the Border Patrol agents acted outside their scope of authority by violating R.M.G.'s constitutional rights, then those constitutional transgressions foreclose the protection of the discretionary function exception. A Border Patrol

---

[1] *See Limone v. United States*, 579 F.3d 79, 101 (1st Cir. 2009) ("It is elementary that the discretionary function exception does not immunize the government from liability for actions proscribed by federal statute or regulation. Nor does it shield conduct that transgresses the Constitution.") (internal citations omitted); *Raz v. United States*, 343 F.3d 945, 948 (8th Cir. 2003) ("We must also conclude that the FBI's alleged surveillance activities fall outside the FTCA's discretionary-function exception because [plaintiff] alleged they were conducted in violation of his First and Fourth Amendment rights."); *Medina v. United States*, 259 F.3d 220, 225 (4th Cir. 2001) (noting that the starting point of the discretionary function exception analysis is that "federal officials do not possess discretion to violate constitutional rights or federal statutes") (quoting *U.S. Fid. & Guar. Co. v. United States*, 837 F.2d 116, 120 (3d Cir. 1988)); *Nurse v. United States*, 226 F.3d 996, 1002 (9th Cir. 2000) ("governmental conduct cannot be discretionary if it violates a legal mandate"); *Prisco v. Talty*, 993 F.2d 21, 26 n.14 (3d Cir. 1993) (concluding that the discretionary function exception was inapplicable to an FTCA claim based on conduct that violated plaintiff's constitutional rights); *Red Lake Band of Chippewa Indians v. United States*, 800 F.2d 1187, 1196 (D.C. Cir. 1986) ("An employee of the government acting beyond his authority is not exercising the sort of discretion the discretionary function exception was enacted to protect."); *Birnbaum v. United States*, 588 F.2d 319, 329 (2d Cir. 1978) ("An act that is clearly outside the authority delegated cannot be considered as an abuse of discretion.") (internal quotation marks and citations omitted).

8

agent's authority is also limited by statutory mandates, therefore any actions of the Border Patrol agents in contravention of specific provisions of the INA or other statutes preclude the application of the discretionary function exception. *See Gaubert*, 499 U.S. at 324 ("If the employee violates the mandatory regulation, there will be no shelter from liability because there is no room for choice and the action will be contrary to policy."). The majority errs by concluding that the discretionary function exception deprived the district court of jurisdiction and dismissing Castro's claims without an evaluation of whether the actions of the Border Patrol agents exceeded the scope of their authority.

### III.

### A.

"Whether the district court lacked jurisdiction to consider the government's conduct in this case is a question of law, subject to de novo review by this Court." *Buchanan v. United States*, 915 F.2d 969, 970 (5th Cir. 1990) (internal citations omitted); *see also Limone*, 579 F.3d at 101 ("We afford de novo review to a district court's determination that the discretionary function exception does or does not apply."). To survive a motion to dismiss, a complaint need only contain sufficient factual matter to "state a claim for relief that is plausible on its face." *Cornerstone Christian Schs. v. Univ. Interscholastic League*, 563 F.3d 127, 133 (5th Cir. 2009) (citing *Twombly*, 550 U.S. at 544 ); *see also Iqbal*, 129 S. Ct. at 1950 (reiterating the *Twombly* holding that "a complaint that states a plausible claim for relief survives a motion to dismiss."). All factual allegations contained in the complaint must be accepted as true. *Iqbal*, 129 S. Ct. at 1949.

### B.

The majority acknowledges that we have before us a Rule 12(b)(1) dismissal, but it erroneously concludes that Castro has not met her burden under *Twombly* and *Iqbal*. To the contrary, based on the allegations contained

07-40416

in Castro's complaint, the Border Patrol agents' actions in detaining and deporting R.M.G. implicate both statutory and constitutional concerns. The facts included in the complaint—in particular the undisputed fact that the Border Patrol agents knew R.M.G's citizenship status and did not doubt that she was a United States citizen—support a plausible claim that the Border Patrol agents exceeded the scope of their statutory and constitutional authority and their actions were therefore non-discretionary.

Castro's complaint alleged a plausible violation of specific constitutional mandates: the Fourth Amendment right to be free from unreasonable seizure and the Fifth Amendment right to due process. *See United States v. Brignoni-Ponce*, 422 U.S. 873, 884 (1975) (explaining that the Fourth Amendment "forbids stopping or detaining persons for questioning about their citizenship on less than a reasonable suspicion that they may be aliens"); *Hernandez v. Cremer*, 913 F.2d 230, 237 (5th Cir. 1990) (observing that "the right of a United States citizen to enter the country is a right which the fundamental law has conferred upon him" and "is a part of the 'liberty' of which the citizen cannot be deprived without due process of law under the Fifth Amendment.") (internal citations and quotation marks omitted). In her complaint, Castro alleged the following:

> Defendant United States' detention of Plaintiff R.M.G. without due process violated her Fourth Amendment constitutional interest in remaining free from bodily seizure. . . . Detention of Plaintiff R.M.G. was not due to an act of wrongdoing that warranted detention nor was detention based on an emergency. The United States did not and cannot show that seizure of the minor child was necessary to protect Plaintiff R.M.G.'s health, safety and welfare; indeed, Defendant United States placed R.M.G. in imminent danger by deporting her with a man it knew was wanted in connection with a homicide.

10

. . . Plaintiff Castro made a claim of citizenship to Defendant United States on behalf of her minor child, Plaintiff R.M.G. Despite that claim, and despite Defendant's recognition of Plaintiff R.M.G.'s status as a U.S. citizen, Defendant United States intentionally, maliciously, and recklessly violated Plaintiffs' right to procedural due process guaranteed by the Fifth Amendment.

. . . Defendant United States willfully detained R.M.G. without her consent or the consent of her U.S. citizen parent, and the detention was without legal authority or justification. . . . From the moment Defendant United States knew or should have known that R.M.G. was a U.S. citizen and that a U.S. citizen parent was present to take possession of her and did not release her, Defendant United States had no legal authority or justification to continue its detention of the child.

Castro's complaint additionally alleged that the Border Patrol agents acted outside of their statutory grant of authority under the INA, averring that "[n]o section of [the INA] provides authority for the United States to detain or remove a U.S. citizen." The Border Patrol is an agency of the Department of Homeland Security, and subject to the INA. *See* 8 C.F.R. § 1.1. The INA's scope is limited to regulating the entry of aliens, as well as their detention, removal, and naturalization. *See, e.g.*, 8 U.S.C. §§ 1101(a)(23), 1103(a)(1), 1231(a). Within this statutory grant of authority, Border Patrol agents have discretion in making determinations in matters such as the detention or removal of aliens illegally present in the United States. *See, e.g.*, 8 U.S.C. § 1226; 8 C.F.R. §§ 236.1-236.7; *INS v. Yueh-Shaio Yang*, 519 U.S. 26, 30, 117 (1996) (explaining the broad INS discretion "in determining who, among a class of eligible aliens, may be granted relief" from removal). No statute grants Border Patrol agents the power to

11

deport United States citizens, however, and the power of Border Patrol agents to detain United States citizens is quite limited. *See* 8 U.S.C. § 1357(a)(5). Nor do Border Patrol agents have statutory authority to make child custody decisions. *Johns v. Dep't of Justice*, 653 F.2d 884, 894 n.26 (5th Cir. 1981) ("Federal immigration authorities lack authority to determine custody of a child or to enforce the custodial rights of others.").

Despite the Border Patrol agents' conceded knowledge of R.M.G.'s citizenship and Castro's plausible allegations of constitutional and statutory violations, the district court opinion—relied upon by the majority—failed to address whether the Border Patrol agents exceeded their scope of authority. This crucial omission in the district court's Rule 12(b)(1) analysis allows any actions taken by the Border Patrol agents in excess of their authority to nonetheless benefit from the protection of the discretionary function exception. The majority opinion therefore effectively bestows immunity from FTCA liability upon even the most egregious constitutional and statutory violations by government agents, which may reach far beyond their actual authority. This outcome contravenes the fundamental purpose of the FTCA; such an "unduly generous interpretation [ ] of the exception[ ] run[s] the risk of defeating the central purpose of the statute, which waives the Government's immunity from suit in sweeping language." *Dolan*, 546 U.S. at 492 (internal citations and quotation marks omitted).

## IV.

The majority opinion weakens a critical, inherent safeguard of the discretionary function exception and neglects Castro's patently plausible allegations of unauthorized actions by the Border Patrol agents in addressing the 12(b)(1) dismissal. I therefore respectfully dissent from the holding of the court. I would vacate the order of the district court and remand for a ruling on whether the Border Patrol agents acted within the scope of their authority.

07-40416

DENNIS, Circuit Judge, concurring in the judgment in part and dissenting in part.

I agree with the dissents of Judges DeMoss and Stewart concerning the scope of the federal government's waiver of sovereign immunity under the Federal Tort Claims Act, the law enforcement proviso, and the discretionary function exception. However, I partially disagree with them regarding the legal significance of the underlying facts in this case. Therefore, I concur in the result as to the majority's affirmance of the dismissal of most of the plaintiffs' claims, but I dissent as to the claims for abuse of process and assault, which should be remanded to the district court for further proceedings.

First, I agree with Judge DeMoss's dissent that the federal courts have subject matter jurisdiction over the plaintiffs' claims for abuse of process, assault, and false imprisonment, because the federal government has waived its sovereign immunity as to those claims through the FTCA's law enforcement proviso, 28 U.S.C. § 2680(h).[1]  *See Nguyen v. United States*, 556 F.3d 1244, 1255-56 (11th Cir. 2009).  The district court therefore erred by dismissing these claims under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

It is not clear to me whether the plaintiffs' claims for abuse of process and assault can survive a Rule 12(b)(6) motion to dismiss. The district court did not decide whether these claims are viable because it erroneously dismissed the claims for lack of subject matter jurisdiction under Rule 12(b)(1). I would remand those claims to be resolved in the first instance by the district court.

However, with respect to false imprisonment, the plaintiffs have clearly failed to state a claim on which relief can be granted. The elements of false

---

[1] "[W]ith regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of [the FTCA] shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution."  28 U.S.C. § 2680(h).

07-40416

imprisonment under Texas law are "(1) willful detention; (2) without consent; and (3) without authority of law." *Bossin v. Towber*, 894 S.W.2d 25, 29 (Tex. App. 1994) (citing *Sears, Roebuck & Co. v. Castillo*, 693 S.W.2d 374, 375 (Tex. 1985)). When Omar Gallardo, the father, was arrested, R.M.G., the baby girl, was with him. Gallardo wanted to keep his daughter with him while he was being detained (for less than a day) and deported, and the Border Patrol acquiesced. R.M.G. was a baby and therefore lacked the ability to consent independently, but her father could and did consent on her behalf to her remaining with him. Because R.M.G.'s presence in the Border Patrol station was not without consent, it did not amount to false imprisonment. The false imprisonment claim should therefore be dismissed for failure to state a claim on which relief can be granted, under Rule 12(b)(6).

As to the plaintiffs' remaining claims, which do not fall within the law enforcement proviso, I agree with the legal framework set forth in Part II of Judge Stewart's dissent. As Judge Stewart explains, the discretionary function exception to the FTCA, 28 U.S.C. § 2680(a),[2] does not encompass actions by government agents that are "unconstitutional, proscribed by statute, or exceed the scope of an official's authority." *Thames Shipyard & Repair Co. v. United States*, 350 F.3d 247, 254 (1st Cir. 2003); *see also Sutton v. United States*, 819 F.2d 1289, 1293 (5th Cir. 1987) ("[W]e have not hesitated to conclude that [an] action does not fall within the discretionary function [exception] of § 2680(a) when governmental agents exceed the scope of their authority as designated by statute or the Constitution."). I therefore agree with Judge Stewart that the district court erred in its reasoning by failing to consider whether the Border

---

[2] Section 2680(a) excludes from the FTCA "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." Such claims are excluded from the FTCA's waiver of sovereign immunity, and the federal courts therefore lack subject matter jurisdiction over them.

14

07-40416

Patrol agents' actions violated any statutory or constitutional requirements before it decided that the plaintiffs' claims were barred by the discretionary function exception.

Nevertheless, I believe that the plaintiffs' claims — except for those covered by the law enforcement proviso, as discussed above — must be dismissed for lack of subject matter jurisdiction because they are barred by the FTCA's discretionary function exception. The facts as alleged by the plaintiffs do not disclose any constitutional or statutory violations that would make the discretionary function exception inapplicable. Again, Gallardo had his daughter, R.M.G., with him when he was arrested. By permitting Gallardo to keep R.M.G. with him, the Border Patrol agents did not improperly make a custody determination; rather, they left the status quo in place and refrained from making a custody determination, in that they declined to take R.M.G. away from Gallardo against his will. The Border Patrol agents cannot be meaningfully said to have "detained" or "deported" R.M.G., because it was Gallardo, and not the Border Patrol, who decided that the baby should go with him to Mexico. Monica Castro, R.M.G.'s mother, disagreed with Gallardo's decision and wanted the Border Patrol to transfer the baby to her, but she lacked a court order or any other source of legal authority requiring the Border Patrol to take such action. The Border Patrol, by accepting Gallardo's decision to keep R.M.G. with him, did not violate any constitutional or statutory requirement that the plaintiffs have identified.

Because there was no constitutional or statutory violation, the Border Patrol's alleged actions fall within the FTCA's discretionary function exception, and the federal courts therefore lack jurisdiction over the plaintiffs' claims, except for those that are covered by the law enforcement proviso as discussed above. Accordingly, I concur in the judgment except as to the claims for abuse of process and assault. I would remand those two claims to the district court to

15

allow it to decide in the first instance whether they should be dismissed under Rule 12(b)(6).