**Guadalupe Chaidez CAMPOS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**EP–16–CV–151–PRM**

United States District Court, W.D. Texas, El Paso Division.

Signed 10/28/2016

Javier N. Maldonado, Law Office of Javier N. Maldonado, P.C., San Antonio, TX, Christopher Benoit, Texas RioGrande Legal Aid, Inc., Lynn A. Coyle, The Law Office of Lynn Coyle, PLLC, El Paso, TX, for Plaintiff.

Angelica Astrid Saenz, United States Attorney's Office, El Paso, TX, Gary L. Anderson, San Antonio, TX, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

PHILIP R. MARTINEZ, UNITED STATES DISTRICT JUDGE

On this day, the Court considered Defendant United States of America's (the

"Government") "Motion to Dismiss Plaintiff's First Amended Complaint" (ECF No. 15) [hereinafter "Motion"], filed on August 15, 2016, Plaintiff Guadalupe Chaidez Campos's "Response to Defendant's Motion to Dismiss" (ECF No. 25) [hereinafter "Response"], filed on September 12, 2016, and Defendant's "Corrected Reply in Support of its Motion to Dismiss Plaintiff's First Amended Complaint" (ECF No. 30) [hereinafter "Reply"], filed on October 3, 2016, in the above-captioned cause. After due consideration, the Court is of the opinion that Defendant's Motion should be granted for the reasons that follow.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of an arrest of an alien lawfully in the United States. Plaintiff alleges that on November 14, 2013, she reported to the United States Probation Office for the Western District of Texas in El Paso, Texas. First Am. Compl. 2, Aug. 1, 2016, ECF No. 13 [hereinafter "Complaint"].[1] At the time of her probation visit, Plaintiff had secured a U nonimmigrant visa ("U–Visa"). Compl. 2.[2]

At the Probation Office, Plaintiff "was made to wait and then was met by a [United States] Custom and Border Protection" ("CBP") Agent. Id. at 4.[3] Plaintiff presented her Employment Authorization Document ("EAD"), which Plaintiff asserts is "prima facie evidence" of U–Visa nonimmigrant status, to the CBP Agent. Id. at 4–5. Plaintiff alleges that the CBP Agent disregarded the EAD. Id. Plaintiff was

subsequently removed from the United States that same day. Id. at 6.

Plaintiff seeks relief asserting a Federal Tort Claims Act ("FTCA") cause of action alleging that the Government, via the CBP Agent, falsely arrested and imprisoned her. Id. at 7. The Government contends that it has not waived immunity and is therefore not subject to liability due to the discretionary function exception to the FTCA. Mot. 6.

## II. LEGAL STANDARD

Sovereign immunity is jurisdictional in nature. F.D.I.C. v. Meyer, 510 U.S. 471, 474, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994). "The question of whether the United States has waived sovereign immunity pursuant to the FTCA goes to the court's subject-matter jurisdiction ... and may therefore be resolved on a Rule 12(b)(1) motion to dismiss." Willoughby v. U.S. ex rel U.S. Dep't of the Army, 730 F.3d 476, 479 (5th Cir. 2013) (internal citations omitted).

Pursuant to Federal Rule of Civil Procedure 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Smith v. Reg'l Transit Auth., 756 F.3d 340, 347 (5th Cir. 2014) (quoting Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005)).

"[T]he burden on a rule 12(b)(1) motion is on the party asserting jurisdic-

---

1. Although Plaintiff does not articulate her basis for her visit to the Probation Office, she previously pleaded guilty to violating 8 U.S.C. § 1326 for attempted illegal re-entry. See J. in a Crim. Case, United States v. Guadalupe Chaidez Campos, EP–13–CR–10–PRM (W.D. Tex. Mar. 27, 2013), ECF No. 26. The Court had previously sentenced Plaintiff to eleven months of imprisonment with three years of non-reporting supervised release. See id.

2. A U–Visa is a type of visa that "can be granted to victims of certain listed crimes who later help United States law enforcement officials investigate or prosecute those crimes." Ordonez Orosco v. Napolitano, 598 F.3d 222, 224 (5th Cir. 2010); see also 8 U.S.C. § 1101(a)(15)(U).

3. Plaintiff does not articulate why the CBP Agent arrived at the Probation Office

tion." *Castro v. United States*, 608 F.3d 266, 268 (5th Cir. 2010) (en banc). Under appropriate circumstances, the Court may determine the issue of subject matter jurisdiction based upon "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

## III. DISCUSSION

The Government argues that the discretionary function exception to the Governments' waiver of sovereign immunity bars Plaintiff's FTCA claim. Mot. 6.

■ Generally, the FTCA waives the Government's sovereign immunity in tort claims against the United States. *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010) (citing 28 U.S.C. § 2674). Nevertheless, this waiver is subject to exceptions. Two subsections of the FTCA, § 2680, (a) and (h), are relevant here.

### A. Discretionary Function Exception

Pursuant to subsection (a), also known as the discretionary function exception, the Government withdraws its consent to be sued for actions "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

■ Courts employ a two-part test to determine whether the discretionary function exception applies. *See United States v. Gaubert*, 499 U.S. 315, 322–23, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991); *Spotts*, 613 F.3d at 567. "Under the first prong, the conduct must be a 'matter of choice for the acting employee.'" *Spotts*, 613 F.3d at 567

(quoting *Berkovitz ex rel. Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988)). "Under the second prong of the test, even assuming the challenged conduct involves an element of judgment, and does not violate a nondiscretionary duty, [the Court] must still decide whether the judgment is of the kind that the discretionary function exception was designed to shield." *Id.* at 568 (internal quotations omitted).

1. <u>First Prong: Whether the CBP Agent's Challenged Conduct Involved an Element of Judgment or Choice</u>

■ Plaintiff challenges the manner in which the CBP Agent "wrongfully arrested [her] not how the [CBP] [A]gent[ ] investigated her." Resp. 4. Plaintiff argues that the discretionary function exception is inapplicable because the CBP Agent "exceed[ed] the scope of her authority by arresting [Plaintiff] without probable cause." Resp. 9.

■ Plaintiff is correct that the discretionary function exception does not apply if the government official's conduct was governed by a "statute, regulation or policy giving specific direction as to any of these functions in a way that would make [the acts] non-discretionary." *Guile v. United States*, 422 F.3d 221, 231 (5th Cir. 2005) (citing *Gaubert*, 499 U.S. at 321, 111 S.Ct. 1267). Yet, "[i]f a statute, regulation, or policy leaves it to a federal agency to determine when and how to take action, the agency is not bound to act in a particular manner and the exercise of its authority is discretionary." *Spotts*, 613 F.3d at 567 (citing *Gaubert*, 499 U.S. at 329, 111 S.Ct. 1267).

To be sure, "[n]o regulation or statute prevent[s] the [CBP] agents from pursuing deportation proceedings against [aliens] based on the information available to them." *Nguyen v. United States*, 65 Fed.

Appx. 509, 2003 WL 1922969, at *1 (5th Cir. Mar. 31, 2003) (per curiam). Notably, the Fifth Circuit has recognized that a CBP agent's decisions are discretionary when that agent investigates a plaintiff's immigration status. *See id.* ("Regulations expressly allow [CBP] agents to make arrests if the agent has reason to believe that the person to be arrested ... is an alien illegally in the United States." (quotation omitted)).

A CBP agent has the "power" to arrest someone without a warrant in the United States if the agent has "reason to believe" that the person is in the United States in violation of any immigration laws or regulations and "is likely to escape before a warrant can be obtained for [her] arrest." 8 U.S.C. § 1357(a)(2).

Thus, the CBP Agent's conduct during her investigation of Plaintiff's immigration status and the conclusions drawn from her investigation are considered discretionary conduct. *See Tsolmon v. United States*, No. CIV.A. H–13–3434, 2015 WL 5093412, at *8 (S.D. Tex. Aug. 28, 2015) appeal docketed No. 15–20609 (5th Cir. Oct. 23, 2015) (similarly holding that CBP agents have discretion to arrest). Therefore, the Government has satisfied the first prong.

2. Second Prong: Whether the CBP Agent's Decisions were of the Kind the Discretionary Function Exception was Designed to Shield

■ Having concluded that the Government has satisfied the first prong of the discretionary function exception, the Court must now determine if, under the second *Gaubert* prong, the CBP Agent's challenged conduct was based on considerations of public policy, and thus was the kind of conduct the discretionary function exception was designed to shield. *See Gaubert*, 499 U.S. at 321, 111 S.Ct. 1267.

■ "[I]f a regulation allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulations." *Spotts*, 613 F.3d at 568 (quoting *Gaubert*, 499 U.S. at 324, 111 S.Ct. 1267).

The CBP Agent's "decision to arrest [Plaintiff] was clearly clothed in public policy considerations." *See Medina v. United States*, 259 F.3d 220, 229 (4th Cir. 2001) (finding that the former agency, Immigration Naturalization Service, had discretionary function to arrest former foreign diplomat). The CBP Agent is "concerned with obtaining evidence of illegal activities against [Plaintiff] [and] ... this objective correlates with the public policy goal of punishing and deterring those who violate federal laws." *Crenshaw v. United States*, 959 F.Supp. 399, 402 (S.D. Tex. 1997) (finding that the discretionary function exception to FTCA applied to exclude contractor's negligent investigation claims).

The CBP Agent's discretionary actions in investigating [Plaintiff's] immigration status [and] interpreting the information received ... were susceptible to policy analysis." *See Tsolmon*, 2015 WL 5093412, at *11. Therefore, the discretionary function exception's second prong has also been satisfied.

Given that both prongs are satisfied, the Court concludes that the discretionary function exception applies in the instant action.

**B. Intentional Tort Exception and Law Enforcement Proviso**

1. Law Enforcement Proviso Background and Circuit Split

■ Another exception, the law enforcement proviso, may undercut the discretionary function exception. Pursuant to subsection (h), the Government withdraws its consent to be sued for specified inten-

tional torts, *inter alia*, false imprisonment and false arrest. § 2680(h). "However, there is an exception to this exception." *Milligan v. United States*, 670 F.3d 686, 695 (6th Cir. 2012). These enumerated torts were not actionable against the Government until Congress amended § 2680(h) to include the "law enforcement proviso"—an allowance to the FTCA intentional-torts exception. *Sutton v. United States*, 819 F.2d 1289, 1294 (5th Cir. 1987). The law enforcement proviso "waives sovereign immunity for the intentional torts of law enforcement and investigative officers." *Castro v. United States*, 560 F.3d 381, 386 (5th Cir. 2009), *on reh'g en banc*, 608 F.3d 266 (5th Cir. 2010) (citing § 2680(h)).

■■■ To be sure, CBP agents qualify as "law enforcement officers." *See Medina*, 259 F.3d at 224 ("We are satisfied that the INS agents involved meet this definition."). Moreover, Plaintiffs' FTCA claim is grounded in her false arrest and false imprisonment allegations—intentional torts specifically enumerated in the law enforcement proviso. *See* § 2680(h).

Therefore, the inquiry before the Court is whether the § 2680(h) law enforcement proviso overrides any claim arising from acts that are immune from suit under the § 2680(a) discretionary function exception. The interplay between § 2680(a) and § 2680(h) has resulted in a circuit split. *Compare Nguyen v. United States*, 556 F.3d 1244, 1257 (11th Cir. 2009) ("[The Eleventh Circuit is not persuaded] to abandon [the] conclusion that if a claim is one of those listed in the proviso to subsection (h), there is no need to determine if the acts giving rise to it involve a discretionary function; sovereign immunity is waived in any event."), *with Medina*, 259 F.3d at 226 ("[The Fourth Circuit] therefore conclude[s] that the actions underlying intentional tort allegations described in § 2680(h), if authorized and implemented

consistent with federal law and the Constitution of the United States, may be considered discretionary functions under § 2680(a), even if they would otherwise constitute actionable torts under state law."); *Gasho v. United States*, 39 F.3d 1420, 1435 (9th Cir. 1994) ("If a defendant can show that the tortious conduct involves a 'discretionary function,' a plaintiff cannot maintain an FTCA claim, even if the discretionary act constitutes an intentional tort under § 2680(h)."); *Gray v. Bell*, 712 F.2d 490, 508 (D.C. Cir. 1983) ("[W]e believe that [the plaintiff] must clear the 'discretionary function' hurdle and satisfy the 'investigative or law enforcement officer' limitation to sustain the ... FTCA claim.").

### 2. Fifth Circuit Cases Analyzing Law Enforcement Proviso

The Fifth Circuit has analyzed §§ 2680(a) and 2680(h). In *Sutton*, the Fifth Circuit adopted a centrist position to harmonize §§ 2680(a) and 2680(h) by requiring courts to "synthesize[ ] the policies behind §§ 2680(a) and (h) as applied to the specific facts of each situation." *Sutton*, 819 F.2d at 1295; *see also Tsolmon*, 2015 WL 5093412, at *12 (recognizing that the Sutton court "adopted a middle ground"). *Sutton* instructs courts to "giv[e] effect to both [§§ 2680(a) and 2680(h) ] in accordance with their legislative purpose" and that any conflicts between the sections "must be reconciled to achieve the legislative purpose expressed in the words of the statute and in light of existing law and policy behind the statute." *Id.* at 1300.

With this framework in mind, the *Sutton* court reversed and remanded the case to the district court because, *inter alia*, the disposition did not articulate whether a Postal Service investigator was an "investigative law enforcement officer within the definition § 2680(h)." *Id.* Because the *Sutton* court found the disposition inadequate,

it did not apply its own fact-intensive inquiry to the facts of that case. *See id.*

Although the Fifth Circuit has had the opportunity to expand the interplay between §§ 2680(a) and (h) in two post-*Sutton* cases, both are problematic for different reasons: one case is unpublished and another is an en banc decision that opted not to conduct a thorough analysis. *See Castro*, 608 F.3d at 268; *Nguyen*, 65 Fed. Appx. 509, 2003 WL 1922969.

In *Nguyen*, officers of the Immigration and Naturalization Service ("INS") instituted deportation proceedings against a plaintiff and detained him for fifteen months before discovering that the plaintiff had a valid derivative claim to United States citizenship. *Nguyen*, 65 Fed.Appx. 509, 2003 WL 1922969, at *1.[4] In discussing the interplay of §§ 2680(a) and 2680(h), the *Nguyen* court found it significant that "the INS officers did not commit a *constitutional violation* nor did they engage in any conduct that could be described as in bad faith," and that "[n]o regulation or statute prevented the INS agents from pursuing deportation proceedings against [the plaintiff] based on the information available to them." *Id.*, 2003 WL 1922969, at *2 (emphasis added). The *Nguyen* court concluded that the plaintiff's "detention [wa]s not of a character for which a court should refer to § 2680(h) for an exception to the discretionary function" because it was not conducted in bad faith. *Id.*

Another Fifth Circuit panel later relied on *Sutton* to hold that the discretionary function exception was inapplicable to conduct that a plaintiff alleged violated the Fourth and Fifth Amendments. *See Castro v. United States*, 560 F.3d 381, 389–90 (5th Cir. 2009) (subsequent history omitted). In *Castro*, the plaintiff brought suit against the United States on behalf of herself and her daughter, both of whom were United States citizens, after CBP agents deported her daughter, although they were aware, at the time, that the daughter was a United States citizen. *Id.* at 384–85. The plaintiff alleged violations of the Fourth and Fifth Amendments to the United States Constitution as well as tort claims of negligence, intentional infliction of emotional distress, false imprisonment, abuse of process, and assault under the FTCA. *Id.* at 385. The district court dismissed the plaintiff's tort claims after finding that the discretionary function exception barred those claims. *Id.* On appeal, the Fifth Circuit reversed the district court, holding that the district court had failed to consider whether the CBP agents had exceeded the scope of their authority. *Id.* at 388–89. The *Castro* panel stated that "the discretionary function exception of § 2680(a)" is inapplicable "when governmental agents exceed the scope of their authority as designated by statute or the Constitution." *Id.* (quoting *Sutton*, 819 F.2d at 1293). While "governmental actors have wide discretion to carry out their statutory and regulatory obligations, courts have never interpreted delegated authority so broadly as to infringe upon constitutionally-protected rights and freedoms." *Id.* at 391.

Nevertheless, the Fifth Circuit, en banc, summarily vacated the *Castro* panel decision, but failed to address resolve, and provide lower courts with guidance regarding the interplay between constitutional allegations and the discretionary-function exception. *See Castro*, 608 F.3d at 268–69. Rather, the en banc court adopted the prior district court opinion that the Government had satisfied both *Gaubert* prongs, remaining silent on the import of the plaintiff's constitutional allegations.

---

4. On March 1, 2003, the functions of legacy INS were transferred to three separate agencies within the Department of Homeland Security: the Bureau of Citizenship and Immigration Services, the Bureau of Immigration and Customs Enforcement, and CBP.

To date, the Fifth Circuit has "not yet determined whether a constitutional violation, as opposed to a statutory, regulatory, or policy violation, precludes the application of the discretionary function exception." *Spotts*, 613 F.3d at 569.

### 3. Analysis of Law Enforcement Proviso to Instant Case

Presently, the Fifth Circuit has not, as Plaintiff suggests, permitted the law enforcement proviso to corrode the discretionary function exception. *Cf.* Resp. 9 (noting that the "[a]pplication of the Fifth Circuit's decision in *Sutton v. United States* compels the conclusion that Plaintiff's false arrest claim is not barred by the discretionary function exception"). When presented with the opportunity in two post-*Sutton* instances, the Fifth Circuit has elected to permit the discretionary function exception to stand and disallowed FTCA claims against the Government. *Sutton's* unmoored fact-intensive inquiry is anchored by *Nguyen's* bad-faith framework. *See Castro*, 608 F.3d at 268; *Nguyen*, 65 Fed.Appx. 509, 2003 WL 1922969. Two other district courts have also reached similar conclusions. *See Tsolmon*, 2015 WL 5093412, at *14 (holding that plaintiff's failure to allege "intentional misconduct or bad faith" did not warrant law enforcement proviso's application when CBP agents detained and arrested that plaintiff); *Camacho v. Cannella*, Civ. Action No. EP–12–CV–40–KC, 2012 WL 3719749, at *9 (W.D. Tex. Aug. 27, 2012) (holding that "when the alleged conduct crosses the line from negligent conduct to intentional misconduct or bad faith, the discretionary exception yields to the law enforcement proviso, and the lawsuit can proceed"). The *Camacho* court found bad faith when the plaintiff alleged that the federal agent "lied and intentionally mischaracterized evidence" rather than alleging that the "officer's investigation was sloppy or that [the] officer should have investigated the case more thoroughly." *Camacho*, 2012 WL 3719749, at *10.

Plaintiff alleges that the "CBP officer knew or should have known that [Plaintiff] was not in the United States in violation of any immigration law and could not be arrested without a warrant, probable cause or some other legal justification." Compl. 6. Regardless of how Plaintiff couches her allegations, they do not rise to the level of intentional misconduct or bad faith. *See id.* Instead, Plaintiff's allegations amount to "complain[ing] that an officer's investigation was sloppy or that an officer should have investigated the case more thoroughly"—a standard woefully short of *Nguyen's* bad-faith framework. *See Camacho*, 2012 WL 3719749, at *10 (citing *Nguyen*, 65 Fed.Appx. 509, 2003 WL 1922969, at *2.

Although Plaintiff's situation was unfortunate, the Fifth Circuit in *Nguyen* and *Castro* found that the discretionary function exception—and not the law enforcement proviso—applies under more egregious circumstances. In *Castro* CBP detained and deported the plaintiff's minor child while in *Nguyen* CBP agents detained the plaintiff for fifteen months. *See Castro*, 608 F.3d at 268; *Nguyen*, 65 Fed.Appx. 509, 2003 WL 1922969. Here, Plaintiff was detained and deported the same day.

██ Indeed, Plaintiff's Complaint is devoid of any constitutional violation allegations. *See* Compl. Instead, Plaintiff shoehorns a Fourth Amendment violation claim in her Response. Resp. 11 ("Such arrest was in violation the Fourth Amendment and 8 U.S.C. § 1357(a)(2).").[5] The Court

---

**5.** Section 1357(a)(2) permits CBP agents to arrest aliens that are unlawfully present in the United States.

does not construe new allegations raised in motions and responses as it would for a pro se party. *Cf. Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) ("When a pro se plaintiff raises a new claim for the first time in response to a motion to dismiss, the district court should construe the new claim as a motion to amend the complaint under Fed. R. Civ. P. 15(a)."). Even if Plaintiff had properly included the Fourth Amendment claim, the Supreme Court has held—in an opinion seven years after *Sutton*—that "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." *See Meyer*, 510 U.S. at 478, 114 S.Ct. 996 (holding that *Bivens* allows a suit against government agents, but not against government agencies).

Accordingly, the Court concludes that, under the Fifth Circuit's balancing test in *Sutton*, read in conjunction with *Nguyen's* bad-faith framework, the claims in this case are not of the kind that Congress intended to be actionable under the law enforcement proviso of § 2680(h). Rather, Plaintiff's FTCA claim arises from discretionary conduct that Congress intended to exempt from the FTCA's waiver of sovereign immunity under § 2680(a). Consequently, the Court lacks subject matter jurisdiction over Plaintiff's FTCA claim and will dismiss her cause.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendant United States of America's "Motion to Dismiss Plaintiff's First Amended Complaint" (ECF No. 15) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff Guadalupe Chaidez Campos's First Amended Complaint is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all settings in this matter are **VACATED.**

**IT IS FURTHER ORDERED** that all pending motions filed in the above-captioned cause, if any, are **DENIED AS MOOT.**[6]

**IT IS FINALLY ORDERED** that the **CLERK** of the Court shall **CLOSE** this matter.

---

**6.** Plaintiff seeks to strike various exhibits, which are attached to the Government's Motion. *See* PL's Mot. to Strike Def.'s Exs., Sept. 2, 2016, ECF No. 22. While the Court did reference one of Defendant's exhibits—Plaintiff's past criminal history—for context, the Court has not considered the *substance or value* of any of the Government's exhibits in reaching its conclusion. As previously noted, the Court may reference "the complaint supplemented by undisputed facts plus the court's resolution of disputed facts" in determining whether there is subject matter jurisdiction. *See Ballew*, 668 F.3d at 781. Therefore, Plaintiff's "Motion to Strike Defendant's Exhibits" (ECF No. 22) is moot.