United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 6, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-30434

_____

CLAUDE FRAZIER; PAULINE ADAMS; ROSETTA ANDREWS; CONNIE BATISTE;
ANGELA BRAUD; DEBBIE BROWN; CHERYL BUTLER on behalf of, JERON
BUTLER; LESTLY COLLINS; BOYD CRAFT; IDELL FRAZIER; TIFFANY
GUSTAVE on behalf of, Amelia Gustave, on behalf of, Jeremy
Gustave, on behalf of, Ryneisha Jackson, on behalf of, Audia
Jackson, VERNON KELLY; JADE OUBRE on behalf of, Kameryn Oubre, on
behalf of, K'endrick Oubre, on behalf of Kirstein Oubre; LARRY
PHILLIPS, JR; EDWARD PORTER; TIM SPILLMAN; AMELIA WALLS; STACY
WILSON,

Plaintiffs-Appellants,

versus

PIONEER AMERICAS LLC; STATE OF LOUISIANA, through the Department
of Environmental Quality,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Louisiana

_____

Before HIGGINBOTHAM, BENAVIDES, and OWEN, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Named plaintiffs of a putative class appeal denial of remand
to Louisiana state court, arguing that the case was not removable
under the Class Action Fairness Act.  We AFFIRM.

I

Defendant Pioneer Americas, a Canadian company and citizen,
operated hydrogen processing equipment in its St. Gabriel,

Louisiana facility.  By Pioneer's admission, an amount of mercury almost double that allowed by its federal permits, but not necessarily an amount exceeding federal or state health standards, seeped from the equipment into the atmosphere.  Citizens living near the facility argue that the seeping mercury threatened their health.  Pioneer reported the emissions to defendant Louisiana Department of Environmental Quality (DEQ), after which DEQ investigated, determined that the increased levels of mercury were only slightly problematic, and fined Pioneer about $400,000. According to plaintiffs, DEQ neglected its statutory duties to monitor, inspect, report emissions, and warn citizens of dangerous emissions.

Plaintiffs sued defendants in state court, alleging negligence and seeking damages for personal injury.  Without DEQ's consent, Pioneer removed to the federal district court for the Middle District of Louisiana, asserting diversity jurisdiction under § 1332(a), based on improper joinder of DEQ, and the Class Action Fairness Act,[1] § 1332(d).  Plaintiffs moved to remand, arguing that Pioneer failed to show improper joinder of DEQ and failed to demonstrate that the amount in controversy exceeded $75,000.  After defendants argued CAFA in their responses,[2] plaintiffs replied that

---

[1] Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in scattered sections of 28 U.S.C).

[2] We treat DEQ's and Pioneer's arguments as one because they are identical.

2

this case fell into two exceptions to jurisdiction under CAFA.[3] They did not challenge defendants' allegation of prima facie CAFA jurisdiction — minimal diversity and at least $5 million in controversy — aside from implicitly challenging the amount in controversy under § 1332(a).

The magistrate judge, placing the burden to show the absence of CAFA jurisdiction on plaintiffs, concluded that plaintiffs did not contest prima facie jurisdiction under CAFA and that neither CAFA exception applied. He declined to address diversity jurisdiction afforded by § 1332(a). Plaintiffs objected to the report but did not challenge the presence of prima facie jurisdiction under CAFA. The district court agreed with the magistrate judge, and we granted leave to appeal under 28 U.S.C. § 1453.

II

At the outset, the parties engage over who bears the burden of proof. Plaintiffs, citing the Seventh and Ninth Circuits and various district courts,[4] argue that the language of CAFA, said to

---

[3] Irrelevant here because not appealed, plaintiffs also argued that Pioneer improperly failed to get DEQ's consent to removal under CAFA. As the magistrate judge noted, CAFA obviated that requirement. 28 U.S.C. § 1453(b).

[4] *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005); *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676 (9th Cir. 2006); *Werner v. KPMG LLP*, 415 F. Supp. 2d 688 (S.D. Tex 2006); *Plummer v. Farmers Group, Inc.*, 388 F. Supp. 2d 1310 (E.D. Okla.2005); *Ongstad v. Piper Jaffray & Co.*, 407 F.Supp.2d 1085 (D.N.D. 2006); *Judy v. Pfizer, Inc.*, No. 4:05CV1208RWS, 2005 WL 2240088 (E.D. Mo. Sept.14, 2005); *Schwartz v. Comcast, Corp.*, No. Civ. A. 05-2340, 2005 WL 1799414 (E.D. Pa. July 28, 2005); *In re Expedia Hotel Taxes and Fees Litig.*, 377 F. Supp. 2d 904 (W.D. Wash. 2005); *Sneddon v. Hotwire, Inc.*, No. C 05-0951 SI, C 05-0952 SI, C 05-0953 SI, 2005 WL 1593593 (N.D. Cal. June 29,

be plain but silent as to who bears the burden of proof, must be read to lay the burden on defendants. To do otherwise would be inconsistent with longstanding § 1441(a) removal doctrine, and, the argument goes, this parallel reading overrides any legislative history of a purpose to place the burden on plaintiffs.[5] Defendants, citing other district courts,[6] urge that clear legislative history controls in the face of statutory silence, silence not broken by the doctrine developed under a different and older removal provision. They also highlight a recent Eleventh Circuit decision placing the burden to make a prima facie showing of jurisdiction under CAFA on removing defendants, and the burden to demonstrate a CAFA exception on plaintiffs.[7] The Eleventh Circuit distinguished the Seventh and Ninth Circuits, noting that they dealt only with the former burden.[8]

We need not answer which party has the burden to prove prima

---

2005).

[5] The relevant statements show an intent to burden plaintiffs both as to prima facie jurisdiction, S. Rep. 109-14, at 42 (Feb. 28, 2005) (Senate Judiciary Committee Report), and as to the exceptions, *id.* at 44.

[6] *Harvey v. Blockbuster, Inc.*, 384 F.Supp.2d 749 (D.N.J. 2005); *Judy v. Pfizer, Inc.*, No. 4:05CV1208RWS, 2005 WL 2240088 (E.D. Mo. Sep.14, 2005); *In re Textainer Partnership Sec. Litig*, No. C 05-0969 MMC, 2005 WL 1791559 (N.D. Cal. Jul. 27, 2005); *Waitt v. Merck & Co., Inc.*, No. C05-0759L, 2005 WL 1799740 (W.D. Wash. Jul.27, 2005); *Yeroushalmi v. Blockbuster, Inc.*, No. CV 05-225-AHM(RCX), 2005 WL 2083008 (C.D. Cal. Jul. 11, 2005); *Berry v. Am. Express Pub., Corp.*, 381 F. Supp. 2d 1118 (C.D. Cal. 2005); *Natale v. Pfizer, Inc.*, 379 F. Supp. 2d 161 (D. Mass. 2005), *aff'd on other grounds*, 424 F.3d 43 (1st Cir.2005).

[7] *Evans v. Walter Indus., Inc.*, ___ F.3d ___, 2006 WL 1374688 (11th Cir. May 22, 2006).

[8] *Id.*

4

facie jurisdiction because that is not at issue here. Plaintiffs never contested minimal diversity, and the only time they mentioned amount in controversy was in their original motion to remand in connection with § 1332(a). After Pioneer raised CAFA, plaintiffs did not respond that CAFA's amount in controversy had not been met. And they never challenged the magistrate judge's statement that they "did not contest satisfaction of the general requirements of CAFA pursuant to § 1332(d)(2)." Nor did they raise the argument in their opening brief to this Court. It is true that the issue is jurisdictional and we must raise it on our own, but there is minimal diversity, and although the petition did not seek recovery of a specific amount, we are satisfied the petition, seeking damages for severe injuries suffered by at least 500 people and attorneys' fees, makes it "facially apparent" that at least $5 million is in controversy,[9] in the aggregate.[10]

Our question is whether either of both of two CAFA exceptions apply. In answering that question, the district court properly

---

[9] *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (discussing amount in controversy requirement for cases removed from Louisiana state courts, where the procedural rules prohibit assertion of amount of damages); *see also* 28 U.S.C. § 2108 ("Where the power of any court of appeals to review a case depends upon the amount of value in controversy, such amount or value, if not otherwise satisfactorily disclosed upon the record, may be shown and ascertained by the oath of a party to the case or by other competent evidence.").

[10] Unlike § 1332(a), CAFA explicitly allows aggregation of each class member's claim. 28 U.S.C. § 1332(d)(6).

placed the burden on plaintiffs,[11] for the reasons explained by the Eleventh Circuit.[12] Here, longstanding § 1441(a) doctrine placing the burden on plaintiffs to show exceptions to jurisdiction buttresses the clear congressional intent to do the same with CAFA.[13] This result is supported by the reality that plaintiffs are better positioned than defendants to carry this burden.[14] Finally, neither the Seventh nor Ninth Circuit opinion addresses this issue.[15] We hold that plaintiffs have the burden to show the applicability of the §§ 1332(d)(3)-(5) exceptions when jurisdiction turns on their application.

### III

Section 1332(d)(5)(A) excepts from CAFA jurisdiction "any class action in which...the primary defendants are States, State officials, or other governmental entities ["states"] against whom the district court may be foreclosed from ordering relief." Plaintiffs urge that remand is proper here because DEQ, a primary defendant, is undisputedly a state entity. Defendants respond that

---

[11] The magistrate judge did not distinguish between the two burdens, apparently placing both (although one was uncontested) on plaintiffs. We agree only that plaintiffs had the burden to prove the exceptions. We offer no comment on the other.

[12] *See Evans*, 2006 WL 1374688, at *4-5.

[13] *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 697-98 (2003) (placing burden on plaintiff to prove express exceptions to § 1441(a) removal jurisdiction).

[14] *See Evans*, 2006 WL 1374688, at *8 n.3.

[15] *See Brill*, 427 F.3d at 447-48; *Abrego*, 443 F.3d at 683-86.

6

this exception requires that *all* primary defendants be states, and Pioneer is a primary defendant.[16]

Defendants' reading is correct. The plain text of § 1332(d)(5)(A), using the definite article before the plural nouns, requires that all primary defendants be states. Had Congress desired the opposite, it would have used "a" and the singular, or no article. There is no tension between this plain language and the legislative history, which explains that the exception is not meant to create a loophole whereby plaintiffs can avoid CAFA jurisdiction by naming a state as a primary defendant in an action largely targeting non-states.[17]

We must also reject plaintiffs' suggestion that this result violates the Eleventh Amendment and the principles of state sovereign immunity. Because CAFA eliminated the requirement of unanimity of consent to removal,[18] a state may find itself in a case removed to federal court without having joined in the removal. Such a state, having taken no affirmative act, has not waived

---

[16] Defendants also contend, and plaintiffs vigorously dispute, that DEQ is not a "primary defendant." We do not decide the issue.

[17] S. Rep. 109-14, at 42. The Senate Report provides that the exception, first outlined in the original 1999 version of CAFA, was meant to preclude states from removing to federal court and then asserting immunity, where immunity is unavailable in state court. However, the Supreme Court held in 2002 that a state's participation in removal waives immunity. *Lapides v. Board of Regents*, 535 U.S. 613, 616 (2002). Consequently, § 1332(d)(5)(A) may be an obviated response to an eliminated problem.

[18] 28 U.S.C. § 1453(b).

7

immunity and can still assert it.[19]  Also contrary to plaintiffs'
suggestion, the simple act of assuming jurisdiction over a case
with a state defendant does not step on its sovereign immunity.  A
federal court may ignore sovereign immunity until the state asserts
it.[20]  CAFA, like other statutes, provides jurisdiction over cases
in which states may, if they choose, be defendants, thus respecting
state dignity interests.[21]

It is true that, absent possible waiver of immunity by DEQ,[22]
the federal courts might be "foreclosed from ordering relief"
because Louisiana has waived its immunity in state, but not
federal, court.[23]  Yet that is the price of sovereign immunity, and
in any event § 1332(d)(5)(A) is clear — all primary defendants must
be states.

IV

Plaintiffs also argue that § 1332(d)(4), the "local

---

[19] *Cf. Lapides*, 535 U.S. at 616 (explaining that state's removal under §
1441(a) of state law claims is an affirmative act waiving consent).

[20] *See Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 389 (1998).

[21] Moreover, plaintiffs' argument proves too much: § 1332(d)(5)(A) clearly
does not apply if a state is properly joined as a non-primary defendant, yet
plaintiffs' argument applies with equal force to that situation.  Plaintiffs
would ask us to mutilate § 1332(d)(5)(A); fortunately we need not, because there
are no constitutional shoals to avoid.

[22] Defendants contend, and plaintiffs dispute, that DEQ waived immunity
before and after the order denying remand, eliminating any concerns in this case
over sovereign immunity and the possibility of relief.  We make no comment here,
holding instead that § 1332(d)(5)(A), requiring that all defendants be states,
is constitutionally unproblematic, regardless of waiver in this or any individual
case.

[23] See LA. R.S. 13:5106 (waiving immunity only in state court);  La. C.C.
Art. 2323 (requiring apportionment of fault regardless of immunity).

controversy exception," precludes jurisdiction.  We are not persuaded.  Under either subsection of § 1332(d)(4), at least one defendant must be a "citizen of the State in which the action was originally filed."  Plaintiffs argue that DEQ is a citizen of Louisiana, but it is long-settled that a state has no citizenship for § 1332(a) diversity purposes.[24]  Plaintiffs themselves so contended in their motion to remand.  We see no reason to give different meaning to citizenship under § 1332(d); and we see reasons not to, including avoiding confusion and inconsistency. Finally, this reading squares with CAFA's legislative history, evincing as it does an intent to change nothing about the statutory meaning of "citizen."[25]

AFFIRMED.

---

[24] *See Cory v. White*, 457 U.S. 85, 87 (1982), citing *Postal Telegraph Cable Co. v. Ala.*, 155 U.S. 482 (1894).

[25] 151 Cong. Rec. H723, at 729 (Mr. Sensenbrenner) (stating that CAFA "does not alter current law" regarding the "citizenship element").

9