**Cecil EAKINS, and wife, Judie Eakins, Plaintiffs,**

v.

**PELLA CORPORATION and Pella Carolina, Inc., d/b/a Pella Window & Door Company, Defendants.**

No. 7:05–CV–224–BO(2).

United States District Court, E.D. North Carolina, Southern Division.

Sept. 27, 2006.

Gary K. Shipman, Shipman & Associates, LLP, William Grainger Wright, Sr., Shipman & Wright, L.L.P., Wilmington, DE, for Cecil Eakins, Judie Eakins, Plaintiffs.

Mark D. Boynton, Pharr & Boynton, Steve M. Pharr, Pharr & Boynton, PLLC, Winston–Salem, NC, for Pella Corporation, Pella Carolina, Inc. d/b/a Pella Window & Door Company, Defendants.

## ORDER

BOYLE, District Judge.

This matter is before the Court on Plaintiffs' Motion for Remand, pursuant to 28 U.S.C. § 1447 and Local Rule 7.1, and on Defendants' Motion to Dismiss, pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. For the reasons explained below, Plaintiffs' Motion for Remand is DENIED and Defendants' Motion to Dismiss is DENIED without prejudice.

## BACKGROUND

Plaintiff class representatives, Cecil and Judie Eakins, husband and wife, brought a state tort action against Defendants Pella Corporation and Pella Carolina, Inc., d/b/a Pella Window & Door Company ("Pella Carolina") for unfair and deceptive trade practices, and products liability. Plaintiffs represent a class of individuals and organizations in North Carolina, whose single or two family residential structures each had Pella Designer windows installed from 1999. Defendant Pella Corporation is an Iowa Corporation, responsible for manufacturing Pella windows. Defendant Pella Carolina is an independently owned Pella distributor, one of 95 such distributors under the Pella Corporation.[1] Plaintiffs allege that the glazing system on Defendants' windows is defective and failed, resulting in serious water damage. In addition, Plaintiffs argue Defendants engaged in unfair trade practices by representing their windows as "hassle free." Defendants' moved for removal to federal court under the original jurisdiction provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) (2006).

### I. Motion for Remand

Plaintiffs maintain that the local controversy exception to the CAFA original jurisdiction provisions applies. Under the local controversy exception, remand is proper where: (1) more than two-thirds of the members of the proposed class are citizens of the original filing state; (2) at least one defendant is a defendant from whom members of the class seek significant relief, whose alleged conduct forms a significant basis for the claims and who is a citizen of the state in which the action was originally filed; (3) principal injuries

---

1. North Carolina products liability law defines a manufacturer as an entity that "designs, assembles, fabricates, produces constructs or otherwise prepares a product or component part of a product prior to its sale to a user or customer." N.C. GEN. STAT. 99B–1(2)(2005). Although Plaintiffs allege that Pella Carolina is a manufacturer, no proof has been made at this point in the litigation to support this claim. Admittedly, Pella Carolina performs certain "late point, value added" functions like mulling Pella windows, which consists of adhering windows together after they are received from the manufacturer. However, Plaintiffs have alleged no facts to conclude that mulling, or any portion of the late-point functions Pella Carolina performs, led to defects alleged here. Further, Plaintiffs allege that all of their windows are defective, when only a portion were mulled. Thus, Pella Carolina is likely not considered a manufacturer, but a seller of Pella windows. At this point in time, the Court is not prepared to statutorily define Pella Carolina as a manufacturer and believes discovery will shed more light on the subject.

were incurred in the original filing state; and (4) no other class action has been filed against the defendants asserting the same or similar factual allegations in three years preceding the case. 28 U.S.C. § 1332(d)(4)(A) (2006).

### A. *Burden of Proof*

█ It is well established that the party requesting removal to federal court has the burden of proving that such removal is warranted. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994). Less clear is which party bears the burden of proving an exception to CAFA requires remand, and is one of first impression in this Circuit. The Fifth, Eleventh and Seventh Circuits have held that once the removing party proves the prima facie case for removal, the burden shifts to the plaintiff to prove that the local controversy exception should apply. *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546 (5th Cir.2006) ("Here, longstanding § 1441(a) doctrine placing the burden on the plaintiffs to show exceptions to jurisdiction buttresses the clear congressional intent to do the same with CAFA."); *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1165 (11th Cir.2006) ("[W]e hold that the plaintiffs bear the burden of proving the local controversy exception to the jurisdiction otherwise established."); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676 (7th Cir.2006) ("[T]he party seeking to take advantage of the home-state or local exception to CAFA jurisdiction has the burden of showing it applies."). The Senate Report on CAFA supports this view. S. REP. No. 109–14, at 109–14 (2005) ("It is the Committee's intention with regard to each of these exceptions that the party opposing federal jurisdiction shall have the burden of demonstrating the applicability of an exemption."). Finding no reason to depart from the analysis and conclusions of other circuits or Congress, the Court holds that the plaintiff bears the burden of proving that the local controversy exception warrants remand to state court.

### B. *Local Controversy Exception— "Significant Basis"/"Significant Relief"*

The parties agree that this case turns on the second prong of the local controversy exception, whether the local defendant's conduct forms a significant basis for the claims, and whether members of the class seek significant relief against the local defendant. Case law sheds little light on the definition of "significant basis" and "significant relief" under the CAFA. *Kearns v. Ford Motor Company*, No. 05–5644, 2005 WL 3967998, *9–11 (C.D.Cal. Nov. 21, 2005) (denying remand based on local controversy exception after analyzing legislative history); *Robinson v. Cheetah Transportation*, No. 06–0005, 2006 WL 468820, *3–4 (W.D.La. Feb. 27, 2006) (relying on the Senate Report to interpret the local controversy exception).

The Senate Report on CAFA reveals an intention that the "significant relief" and "significant basis" under the second prong, define truly local controversies:

> "[T]he Committee intends that the local defendant must be a primary focus of the plaintiffs' claims-not just a peripheral defendant. The defendant must be a target from whom significant relief is sought by the class (as opposed to just a subset of the class membership), as well as being a defendant whose alleged conduct forms significant basis for the claims asserted by the class."

S. REP. No. 109–14, at 40 (2005). The report illustrates the application of the second prong "significant basis" and "significant relief" language through an example. The example is a class action brought

in Florida, on behalf of Floridians against an out-of-state automobile manufacturer and a few in-state dealers, alleging a products liability defect. *Id.* at 41. The vehicle was sold in all fifty states. *Id.* The defendant dealers' conduct *does not* form a significant basis of the claims or from whom significant relief is sought, because the retailer is "small change compared to what they are seeking from the manufacturer." *Id.*

Specifically, in products liability cases, "the conduct of a retailer such as an automobile dealer does not form a significant basis for the claims of class members." *Id.* In addition, the principal injuries in the example resulted from a defect occurring in all fifty states. *Id.* Merely because the action was brought as a single state class action does not mean the principal injuries were local. *Id.*

 The example provided in the Senate Report is almost identical to the products liability claims here. Based on the example, the Court ascertains several factors important to a determination of whether the local controversy exception warrants remand: (1) whether the product was sold outside of the locality; (2) whether the injury incurred was specific to the locality; (3) whether the class as a whole seeks relief against the local defendant. Here, Plaintiffs, carrying the burden, have not shown that the product in question was sold exclusively in North Carolina. Given that Pella Corporation is a worldwide distributor of Pella windows, it is unlikely that the windows were sold exclusively to North Carolina.[2] Under the second factor, Plaintiffs likewise, have not shown that the injury resulting from the defect is specific to North Carolina. Finally, there has been no showing by the Plaintiffs that the class as a whole has a cause of action against the local defendant. Defendants have provided sworn affidavits demonstrating that although Pella Carolina is the primary distributor in North Carolina, other distributors, including Pella Windows and Doors, LLC, a South Carolina company, sells windows to builders to install in homes in North Carolina. By failing to show that this controversy is truly local, Plaintiffs have not carried their burden. Plaintiffs' Motion to Remand is DENIED.

## II. *Motion to Dismiss*

In light of the Court's decision not to remand, the Defendant's Motion to Dismiss, is DENIED, without prejudice, so that the parties can further brief outstanding issues including: (1) Definition of class members; and (2) Continuing applicability of North Carolina state substantive law.

For the reasons stated above, Plaintiffs' Motion for Remand is DENIED and Defendants' Motion to Dismiss is DENIED without prejudice.

**2.** The Pella Corporation website says that is a worldwide distributor of Pella windows. It includes a feature allowing the consumer to determine what store sells "Pella Designer Series" windows in your state, listing all fifty states.