# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2021

Lyle W. Cayce
Clerk

No. 20-50445
Summary Calendar

Guangcun Huang,

*Plaintiff—Appellant*,

*versus*

Tim Hui-Ming Huang; Chun-Liang Chen; Chun-Lin Lin;
Kohzoh Mitsuya; Deanna Hester; John Does; Jane Does;
University of Texas Health Science Center at San
Antonio; Jennifer S. Potter; William L. Henrich,
President, UTHSCSA; Other UTHSCSA Employees,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:19-CV-763

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50445

Guangcun Huang sued his employer, the University of Texas Health Science Center at San Antonio (UTHSCSA), and employees of UTHSCSA in Texas state court, alleging various tort claims and violations of the Texas Constitution, First Amendment, and Fourteenth Amendment. After the case was removed to federal district court, the district court granted Defendants' motion to dismiss for lack of jurisdiction and for failure to state a claim. Guangcun Huang appeals. We affirm.

**I.**

Appellant is employed as a postdoctoral fellow at UTHSCSA. He alleges that his former supervisor at UTHSCSA, Appellee Dr. Tim Huang, "repeatedly promised" to promote him to the position of Assistant Professor since he began working at UTHSCSA in April 2014, contingent on publishing two first-author research papers. Appellant published an initial first-author research paper in 2016. In 2018, Appellee Kohzoh Mitsuya submitted for publication a research paper co-authored by Appellant. Appellant alleges that Mitsuya did not have his permission to submit this paper, which did not list Appellant as the first author.

Appellant emailed a complaint against Mitsuya to Dr. Tim Huang, copying UTHSCSA's human resources department, on April 8, 2018. Appellant asserts that, in a reply email rejecting Appellant's complaint in which he copied the human resources department, Appellee Deanna Hester, and other UTHSCSA employees, Dr. Tim Huang "attacked [Appellant]'s character and professional reputation" and "made materially false statements" that "degrad[ed] [Appellant]'s authorship." Appellant subsequently emailed the Dean of the School of Medicine at UTHSCSA to appeal Dr. Tim Huang's decision.

A staff meeting was held on April 13, 2018. Appellant alleges that during this meeting, Dr. Tim Huang asked him to accept the actions taken by

Mitsuya and Dr. Tim Huang with respect to the research paper, threatened termination of Appellant's employment, and ordered Appellant to "sit by his desk" in the lab. According to Appellant, he filed an internal complaint against Dr. Tim Huang as a result of this meeting, which he asserts "was eventually upheld by UTHSCSA." Appellant filed an additional complaint to the University of Texas Systemwide Compliance Office on June 20, 2018, and was eventually transferred to another lab on September 4, 2018, where he currently works. Appellant alleges that he asked UTHSCSA about the status of his complaint and was notified on May 8, 2019, that no further action would be taken.

Appellant also alleges that (1) Appellee Chun-Liang Chen censored Appellant's use of the phrase "I think" in work-related emails; (2) Appellee Chun-Lin Lin wrongfully claimed authorship of Appellant's research paper; and (3) Appellee Deanna Hester claimed that she was not "aware of [Appellant]'s then scheduled promotion."

On April 1, 2019, Appellant, representing himself pro se, sued Appellees in Bexar County District Court, alleging various tort claims and violations of the Texas Constitution, First Amendment, and Fourteenth Amendment. Appellees Tim Hui-Ming Huang, Chun-Liang Chen, Chun-Lin Lin, Kohzoh Mitsuya, and Deanna Hester were all timely served on June 6, 2019. These appellees removed the case to federal district court on June 28, 2019. The remaining appellees had not yet been served as of this date and were thus not parties to the removal.

No. 20-50445

Appellant's Sixth Amended Complaint alleged 47 "counts" against Appellees, summarized in the chart below.[1]

| COUNT(S) | CLAIM(S) | DEFENDANT(S) |
|---|---|---|
| 1-4 | Variations of Defamation | Huang |
| 5-6 | Defamation *Per Se* by Slander and Conspiracy | Huang, Mitsuya |
| 7-8 | Defamation *Per Se* by Libel and Conspiracy | Huang, Mitsuya, Lin |
| 9 | Defamation *Per Se* by Slander and/or Conspiracy | John Doe(s) and/or Jane Doe(s), Huang |
| 10-11 | Intentional Infliction of Emotional Distress and Conspiracy | Huang, Mitsuya |
| 12-21 | Intentional Infliction of Emotional Distress | Huang |
| 22 | Fourteenth Amendment (Liberty, Due Process and Equal Protection) and 42 U.S.C. § 1983, and the Constitution of the State of Texas especially Article 1, Section 19 | Huang, Henrich |
| 23 | Fourteenth Amendment and 42 U.S.C. § 1983, and Violation of the Constitution of the State of Texas especially Article 1, Section 19 and Section 3 | Hester |
| 24 | Fraudulent Misrepresentation | Huang |
| 25-26 | Fraudulent Misrepresentation and Conspiracy | Chen, Huang |
| 27-32 | Fraud and Conspiracy | Huang, Mitsuya |
| 33-34 | Fraud and Conspiracy | Huang, his wife, and Hester |

---

[1] This chart was included in the district court's order granting Appellees' motion to dismiss. Appellees have again provided this chart in their appellate brief.

No. 20-50445

| 35 | Constitution of the State of Texas found in Article 1, Section 8 (Freedom of Speech and Press Protection) and Section 3 and 3a (Equal Rights and Equal Protection Amendment), Violation of Section 1983 of Title 42 of U.S.C. and Plaintiff's Freedom of Speech and of the Press granted by the First Amendment to the U.S. Constitution, and Violation of Due Process and Equal Protection granted by the Fourteenth Amendment to the U.S. Constitution | Huang, Henrich |
|---|---|---|
| 36 | Constitution of the State of Texas found in Article 1, Section 15a and Violation of Plaintiff's Rights of Due Process granted by the Fourteenth Amendment to the U.S. Constitution | Huang, Henrich |
| 37-39 | Constitution of the State of Texas found in Article 1, Section 19 and Violation of Plaintiff's Rights of Due Process granted by the Fourteenth Amendment to the U.S. Constitution | Huang, Potter, and Henrich |
| 40 | Constitution of the State of Texas found in Article 1, Section 3 and 3a and Violation of Plaintiff's Equal Protection Rights granted by the Fourteenth Amendment to the U.S. Constitution | Hester, Henrich |
| 41-43 | Title VII of the Civil Rights Act of 1964, Hostile Work Environment, Attempted Constructive Discharge and Conspiracy, and Violation of the Constitution of the State of Texas found in Article 1, Section 8, Section | Huang, Chen, Mitsuya, Hester, Henrich, UTHSCSA, John Doe(s) and/or Jane Doe(s) |

No. 20-50445

| | | |
|---|---|---|
| | 3, Section 3-a, Violation of First Amendment and Fourteenth Amendment granted to the U.S. Constitution, and Violation of Section 1983 of Title 42 of U.S.C. | |
| 44-47 | Constitution of the State of Texas found in Article 1, Section 8 (Freedom of Speech Protection) and Section 3 and 3a (Equal Rights and Equal Protection Amendments) and Violation of Section 1983 of Title 42 of U.S.C. and Plaintiff's Freedom of Speech and Express [sic] granted by the First Amendment to the U.S. Constitution, Violation of Due Process and Equal Protection granted by the Fourteenth Amendment to the U.S. Constitution | Huang, Chen, Hester, Potter, Henrich |

After allowing Appellant to amend his complaint multiple times, the district court granted Appellees' motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on April 29, 2020. Appellant timely appealed.

## II.

We review a district court's grant of a motion to dismiss de novo. *Budhathoki v. Nielsen*, 898 F.3d 504, 507 (5th Cir. 2018).We review a district court's grant of a motion to stay discovery, denial of a motion to compel disclosure, denial of a motion to impose sanctions, and denial of a motion to extend a scheduling order deadline for abuse of discretion. *See Richardson v. Henry*, 902 F.2d 414, 417 (5th Cir. 1990); *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005); *U.S. v. Hale*, 685 F.3d 522, 532 (5th Cir. 2012).

No. 20-50445

## III.

Appellant first argues that the district court erred in granting Appellees' motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). "A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). "[T]he burden on a [R]ule 12(b)(1) motion is on the party asserting jurisdiction." *Castro v. United States*, 608 F.3d 266, 268 (5th Cir. 2010). We address each of the district court's reasons for granting Appellees' motion to dismiss for lack of jurisdiction and, finding no error, affirm.

### A. Eleventh Amendment Immunity

The district court properly dismissed Appellant's claims against UTHSCSA (Counts 41-43) as barred by the Eleventh Amendment. The Eleventh Amendment immunizes states from suit in federal court absent a waiver of this immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984). A state does not waive immunity where it is a party to a suit that is removed to federal court and the state does not join the removal. *Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 546-47 (5th Cir. 2006). Under Texas law, state universities such as UTHSCSA are agencies of the State of Texas and thus entitled to sovereign immunity. TEX. GOV'T CODE ANN. § 572.002(10)(B); *see also United States ex rel. King v. Univ. of Tex. Health Sci. Ctr.-Houston*, 544 F. App'x 490, 495-99 (5th Cir. 2013) (concluding that the University of Texas Health Science Center at Houston is an arm of the State of Texas and thus entitled to sovereign immunity). UTHSCSA had not yet been served when this case was removed to federal court and thus did not join the removal. UTHSCSA has not otherwise waived sovereign immunity.

As an agency of the State, UTHSCSA is entitled to Eleventh Amendment immunity from this suit.

The district court also properly dismissed Appellant's claims against Appellees Henrich and Potter in their official capacities (Counts 22 and 35-37) as barred by sovereign immunity. "Suits against state officials in their official capacity [] should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Henrich and Potter, both employees of UTHSCSA and state officials, did not join the removal of this case to federal court and did not otherwise waive sovereign immunity. Accordingly, Henrich and Potter are entitled to Eleventh Amendment immunity from suit in their official capacities.

### B. Texas Tort Claims Act

Appellant's state tort claims against individual Appellees in their individual capacities (Counts 1-21, 24-34, and 41-43) were also properly dismissed. Under Texas Civil Practice & Remedies Code § 101.106(e), if a suit is filed "against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(e). Appellant sued individual Appellees for intentional torts arising from the same incidents for which he sued UTHSCSA. The district court thus properly dismissed these claims under § 101.106(e)

Additionally, Texas Civil Practice & Remedies Code § 101.106(f) provides that "[i]f a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only." TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f). Appellant's claims against individual Appellees stem from

conduct within the scope of individual Appellees' employment and could have been brought against UTHSCSA. These claims were thus also properly dismissed under § 101.106(f).

## C. Standing to Obtain Declaratory and Injunctive Relief

We also agree with the district court that Appellant lacks standing to obtain his requested declaratory or injunctive relief. In his Sixth Amended Complaint, Appellant sought a judgment declaring that certain of UTHSCSA's policies and actions violate constitutional rights, as well as various forms of injunctive relief including his immediate promotion to the position of Assistant Professor, immediate removal of any negative information about Appellant from UTHSCSA's records, immediate termination of specified UTHSCSA policies and programs, and immediate termination by UTHSCSA of each of the individual Appellees.

In order to have Article III standing, Appellant "must show an injury in fact that is fairly traceable to the challenged action of [Appellees] and likely to be redressed by [Appellant]'s requested relief." *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019). The district court found that Appellant's requested injunctive relief is "outside what this [c]ourt can order," and further reasoned that much of this injunctive relief would not remedy Appellant's alleged injuries. As to Appellant's requested declaratory relief, the district court found that Appellant could not make the required showing that there is a "continuing injury or threatened future injury." *See Stringer*, 942 F.3d at 720. We agree and thus affirm the district court's grant of Appellees' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

No. 20-50445

## IV.

Because the district court's findings as to lack of jurisdiction under Rule 12(b)(1) do not cover all of Appellant's claims,[2] we turn to the district court's reasons for granting Appellees' motion to dismiss for failure to state a claim. To withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Finding no error in the district court's reasoning, we affirm.

### A. First Amendment

In his Sixth Amended Complaint, Appellant alleged that his First Amendment rights were violated when he reported alleged "scientific misconduct" related to his level of authorship in the research paper submitted by Mitsuya and when he was allegedly censored from using the phrase "I think" in work emails (Counts 35 and 41-47). The First Amendment limits an employer's regulation of speech in the workplace "[s]o long as employees are speaking as citizens about matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 419 (2006). Appellant did not speak to a matter of public concern when he reported Mitsuya's alleged misconduct, as this reporting stemmed from Appellant's belief that he was entitled to first

---

[2] In particular, the district court's jurisdictional findings do not cover Appellant's claims under 42 U.S.C. § 1983 against Appellees Huang, Chen, Lin, Mitsuya, and Hester, and against Appellees Henrich and Potter in their individual capacities to the extent that Appellant seeks damages for these claims. The district court did not make any findings in response to Appellees' motion to dismiss argument that individual Appellees acting in their official capacities are not "person[s]" within the meaning of 42 U.S.C. § 1983.

No. 20-50445

authorship of the research paper. Nor did Appellant speak to a matter of public concern when he used the phrase "I think" in work-related emails. The district court thus did not err in dismissing Appellant's First Amendment claims.

## B. Fourteenth Amendment Due Process

Appellant asserted that his Fourteenth Amendment Due Process rights were violated when he was allegedly told to "sit by his desk" in Dr. Tim Huang's lab, when Dr. Tim Huang "accused [Appellant] of wrongdoing but refused to give [Appellant] a chance to clear his name," and when the complaints Appellant made to UTHSCSA were not acted upon (Counts 22-23, 35-39, and 41-47). "[I]n § 1983 suits alleging a violation of the Due Process Clause of the Fourteenth Amendment, . . . [p]laintiffs must (1) assert a protected 'liberty or property' interest and (2) show that they were deprived of that interest under color of state law." *Doe v. Rains Cnty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995) (citations omitted). Appellant has not identified any constitutionally protected liberty or property interest of which he was deprived. The district court thus correctly dismissed Appellant's Fourteenth Amendment Due Process claims.

## C. Fourteenth Amendment Equal Protection

Appellant argued in his Sixth Amended Complaint that his Fourteenth Amendment Equal Protection rights were violated because he was "treated unfavorably due to his non-religiosity" (Counts 22-23, 35, and 40-47). He alleges the following facts in support of his Equal Protection claims: (1) Appellant was required to sit by his desk in the lab; (2) Hester "further intimidated [Appellant]. . . . due to her inaction" and "failed to protect [Appellant]"; and (3) Chen censored Appellant's use of the phrase "I think" in work-related emails.

"To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999) (internal quotation marks omitted) (quoting *Johnson v. Morel*, 876 F.2d 477, 479 (5th Cir. 1989)). Appellant has not pleaded facts that allow us to draw a reasonable inference that he was discriminated against due to his membership in a protected class. Accordingly, the district court properly dismissed Appellant's Fourteenth Amendment Equal Protection claims.

### D. Title VII

Appellant argues that he was not promoted due to his non-religiosity in violation of Title VII of the Civil Rights Act of 1964 (Counts 41-43). In a "failure to promote" claim under Title VII the plaintiff has the burden to show that "(1) [he] was within a protected class; (2) [he] was qualified for the position sought; (3) [h]e was not promoted; and (4) the position [he] sought was filled by someone outside the protected class." *Blow v. City of San Antonio*, 236 F.3d 293, 296 (5th Cir. 2001). Appellant has not made this prima facie showing. The district court thus did not err in dismissing Appellant's Title VII claims.

### E. Hostile Work Environment

Appellant asserted hostile work environment claims (Counts 41-43) based upon the same factual allegations underlying his Title VII and First Amendment claims. The district court found that "[u]nder either the First Amendment or Title VII, [Appellant]'s hostile work environment claims fail." We agree. As previously established, Appellant has not pleaded facts indicating that he spoke to a matter of public concern and thus has not asserted a plausible First Amendment claim. Second, Appellant has not made the required showing for a Title VII hostile work environment claim. "To

state a hostile work environment claim under Title VII, the plaintiff must show that (1) the victim belongs to a protected group; (2) the victim was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the victim's employer knew or should have known of the harassment and failed to take prompt remedial action." *EEOC v. WC&M Enters., Inc.*, 496 F.3d 393, 399 (5th Cir. 2007). Appellant has not pleaded facts permitting a reasonable inference that these elements are present in this case. The district court therefore correctly dismissed Appellant's hostile work environment claims.

## F. Texas Constitution

In his Sixth Amended Complaint, Appellant alleged various violations of the Texas Constitution (Counts 22-23 and 35-47). Appellant does not make any arguments for the validity of his state constitutional claims on appeal. Appellant has thus waived these issues.

## V.

Appellant last argues that the district court abused its discretion in (1) granting UTHSCSA's motion to stay discovery and for protective order, (2) denying Appellant's motion to compel mandatory initial disclosures and for sanctions, and (3) denying Appellant's motion to extend scheduling order deadline. However, Appellant merely makes conclusory assertions in support of this argument. Because Appellant has not articulated any reasoning for his contention that the district court abused its discretion, we decline to consider this argument. *See Arredondo v. Univ. of Tex. Med. Branch*, 950 F.3d 294, 298 (5th Cir. 2020).

## VI.

For the foregoing reasons, we AFFIRM the district court's orders granting Appellees' motion to dismiss, granting UTHSCSA's motion to stay discovery and for protective order, denying Appellant's motion to compel mandatory initial disclosures and for sanctions, and denying Appellant's motion to extend scheduling order deadline.