**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 21-1230**

---

BLAZINE MONACO,

Plaintiff – Appellant,

v.

WV PARKWAYS AUTHORITY,

Defendant – Appellee.

---

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph R. Goodwin, District Judge.  (2:20–cv–00517)

---

Argued:  September 14, 2022                          Decided:  January 6, 2023

---

Before RICHARDSON and HEYTENS, Circuit Judges, and MOTZ, Senior Circuit Judge.

---

Vacated and remanded by published opinion.  Judge Richardson wrote the opinion, in which Judge Heytens and Senior Judge Motz joined.

---

**ARGUED:**  Patrick J. Perotti, DWORKEN & BERNSTEIN CO., L.P.A., Painesville, Ohio, for Appellant.  Stuart A. McMillan, BOWLES RICE, LLP, Charleston, West Virginia, for Appellee. **ON BRIEF:**  Nicole T. Fiorelli, DWORKEN & BERNSTEIN CO., L.P.A., Painesville, Ohio; Stephen G. Skinner, SKINNER LAW FIRM, Charleston, West Virginia, for Appellant.  Peter G. Markham, BOWLES RICE LLP, Charleston, West Virginia, for Appellee.

RICHARDSON, Circuit Judge:

Blazine Monaco appeals the district court's dismissal of her putative class action against the West Virginia Parkways Authority, in which she alleges that the Parkways Authority improperly collected fees. And the Parkways Authority appeals the district court's holding that it was not entitled to sovereign immunity under the United States or West Virginia Constitutions. But before we can turn to these questions, we must assure ourselves that we have subject-matter jurisdiction. Monaco relies on the Class Action Fairness Act for jurisdiction. Yet that jurisdictional grant does not apply when the primary defendants are "governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A). That is the situation we have here, so this case must be dismissed.

In 2018, Blazine Monaco drove through four separate cash toll booths on the West Virginia Turnpike. Because she had no cash on hand, Monaco passed through without paying the tolls. Nor did she pay the tolls on her own after her trip. So six weeks later, the West Virginia Parkways Authority sent Monaco an "Unpaid Toll Violation Notice." That notice explained that she now owed $138: $8 in unpaid tolls, $120 in administrative fees, and a $10 notice fee. Monaco paid the $138 but then filed a putative federal class-action suit against the Parkways Authority.

In her suit, Monaco alleged that the Parkways Authority unjustly enriched itself by collecting the administrative and notice fees in violation of West Virginia law. She claimed that the Parkways Authority's fees violated West Virginia's Electronic Toll Collection Act and Administrative Procedure Act. The Parkways Authority moved to dismiss the suit,

2

arguing that it was immune from suit under the United States and West Virginia Constitutions, and that, in any event, the fees were properly assessed under its Enabling Act. The district court granted the Parkways Authority's motion. It rejected the Parkways Authority's immunity arguments but concluded that the fees were proper under the Parkways Authority's Enabling Act. Yet—although Monaco styled her lawsuit as a diversity case—nobody questioned whether the district court had diversity jurisdiction in the first place.[1]

"An appellate federal court must satisfy itself not only of its own jurisdiction, but also of that of the lower courts in a cause under review." *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). Subject-matter jurisdiction is a threshold question, because if we lack jurisdiction "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868); *see also Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 94–95 (1998). After reading the briefs, we questioned whether we had jurisdiction over this suit and asked the parties to address this issue at oral argument.

Monaco alleged in her complaint that there was jurisdiction under the Class Action Fairness Act. That Act expanded diversity jurisdiction over certain interstate class actions. *Dominion Energy, Inc. v. City of Warren Police and Fire Ret. Sys.*, 928 F.3d 325, 329–30

---

[1] The district court did address (and reject) the Parkways Authority's argument that the court lacked subject-matter jurisdiction because Monaco failed to comply with a state notice law. But the court did not ask whether the parties satisfied the statutory requirements for diversity.

(4th Cir. 2019). It provides that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). But the Act also limits this jurisdictional grant. *See* 28 U.S.C. §§ 1332(d)(4), (d)(5), (d)(9). Relevant here, the Act does not include class actions where the "primary defendants" are "governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(A). If this limitation applies to Monaco's suit, then the district court lacked jurisdiction over it.

As always, when interpreting a statute, we start with its text. *See Harrell v. Freedom Mortg. Corp.*, 976 F.3d 434, 439 (4th Cir. 2020). Section 1332(d)(5)(A) states that the Act's jurisdictional grant "shall not apply to any class action in which . . . the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." § 1332(d)(5)(A). This language raises three questions: (1) Who are the primary defendants? (2) Are they governmental entities? and (3) May the district court be foreclosed from ordering relief against them?

The first question is easy, as there is only one defendant here—the Parkways Authority. So it is the "primary defendant."

The second question is also straightforward. The Parkways Authority is a governmental entity. It is "an agency of the state" of West Virginia whose powers and duties are set by statute. W. Va. Code § 17-16A-3(a) (West 2022). The Governor chairs the Parkways Authority, and the remaining members are the Secretary of Transportation

4

and five individuals appointed by the Governor.  §§ 17-16A-3(b), (c), (i).  The Parkways

Authority issues bonds in the name of the state, deposits funds into the State Treasury, is

exempt from taxation, and can acquire land in the name of the state.  §§ 17-16A-6, -8, -11,

-16.  If this isn't a governmental entity, nothing is.  *Cf. Kendrick v. Conduent State & Loc.*

*Sols., Inc.*, 910 F.3d 1255, 1257 (9th Cir. 2018) (concluding that the Bay Area Toll

Authority and Golden Gate Bridge Highway and Transportation District are governmental

entities under § 1332(d)(5)(A)); *Frazier v. Pioneer Ams. LLC*, 455 F.3d 542, 546 (5th Cir.

2006) (concluding that the Louisiana Department of Environmental Quality is a

governmental entity under § 1332(d)(5)(A)).

That leaves the third question.  While perhaps not as simple as the first two, it is

also satisfied.  The district court "*may be* foreclosed from ordering relief" against the

Parkways Authority based on its assertion of sovereign immunity.  § 1332(d)(5)(A)

(emphasis added).[2]  The statute's use of "may be" reflects that we need not determine that

the Parkways Authority *certainly* has immunity to hold that § 1332(d)(5)(A) nonetheless

limits jurisdiction here.  In context, "may" conveys a mere possibility or likelihood, not

certainty.  *May*, American Heritage Dictionary (4th ed. 2006) ("Used to indicate a certain

measure of likelihood or possibility."); *May*, Black's Law Dictionary (8th ed. 2004) ("To

---

[2] The Parkways Authority has vigorously argued at all stages of this litigation that it is immune from suit under the United States and the West Virginia Constitutions.  If the Parkways Authority is correct, then, of course, the district court cannot order relief against it.  *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 72–73 (1996); *Davari v. W. Va. Bd. of Governors*, 245 W. Va. 95, 102 (2021).  But because of our interpretation of § 1332(d)(5)(A), we need not resolve that question.

5

be a possibility."); *May*, Merriam-Webster's Collegiate Dictionary (10th ed. 1999) ("[U]sed to indicate possibility or probability.").

Because of its "may be" language, § 1332(d)(5)(A) is not narrowly limited to circumstances in which the district court conclusively "is" foreclosed from ordering relief. *Cf. Brown Shoe Co. v. United States*, 370 U.S. 294, 323 (1962) (noting that congressional use of "may be" concerns "probabilities, not certainties"). It more broadly includes those circumstances in which the district court "may be" foreclosed. Limiting § 1332(d)(5)(A) to times when a governmental entity is in fact entitled to sovereign immunity would render that subsection superfluous, because the entity would already be immune from suit. So the Parkways Authority need not actually be entitled to sovereign immunity for § 1332(d)(5)(A) to apply.

But that does not mean that "may be" has no limits. A bare claim of sovereign immunity would not trigger § 1332(d)(5)(A). Section 1332(d)(5)(A) is a prerequisite for jurisdiction.[3] Invoking jurisdiction under the Class Action Fairness Act requires plausibly alleging—and if challenged, demonstrating—that jurisdiction exists. *Scott v. Cricket*

---

[3] The requirements for original jurisdiction under the Class Action Fairness Act are minimum diversity, $5 million in controversy, and a class of more than 100 members. *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). The first two requirements come from § 1332(d)(2), the Act's jurisdictional grant. The latter requirement comes from § 1332(d)(5)(B). As § 1332(d)(5)(B) is a requirement for jurisdiction, so too is § 1332(d)(5)(A). *Accord Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020 n.3 (9th Cir. 2007) ("[S]atisfaction of § 1332(d)(5) serves as a prerequisite, rather than as an exception, to jurisdiction under § 1332(d)(2)."). So the burden of showing that § 1332(d)(5)(B) does not bar jurisdiction lies with the party claiming it, here the plaintiff.

*Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017); *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296–97 (4th Cir. 2008).[4]  And a plainly implausible claim of immunity would not defeat jurisdiction by application of § 1332(d)(5)(A) because it would not show that the district court "may be foreclosed from ordering relief."

In this case, we need not define the precise bounds of § 1332(d)(5)(A).  It applies without definitively determining that the Parkways Authority has immunity.  And it would not apply if the Parkways Authority's claimed immunity was plainly implausible.  Whether the precise line is drawn closer to possibility, probability, or plausibility, the Parkways Authority's immunity arguments are enough to apply § 1332(d)(5)(A).

We examine four factors to determine whether a state agency is entitled to immunity.  This test examines (1) "whether any judgment against the entity as defendant will be paid by the State"; (2) "the degree of autonomy exercised by the entity"; (3) "whether the entity is involved with state concerns as distinct from non-state concerns"; and (4) "how the entity is treated under state law."  *United States ex rel. Oberg v. Penn. Higher Educ. Assistance Agency*, 745 F.3d 131, 137–38 (4th Cir. 2014); *see also Hutto v. S. Carolina Ret. Sys.*, 773 F.3d 536, 543, 546 (4th Cir. 2014).  While the district court ultimately held that the Parkways Authority was not entitled to immunity, we find the

---

[4] *See also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds [$5 million]."); 7A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 1756.2 (4th ed. 2022) ("Courts interpreting the removal provisions in CAFA have held that defendant need show only a reasonable probability that the amount satisfying the Act's jurisdictional minimum is being claimed.").

7

Parkways Authority's sovereign immunity arguments stronger than the district court suggested. And that is enough for § 1332(d)(5)(A) to preclude jurisdiction.

To recap, the Parkways Authority is the only, and thus "primary," defendant. And it is a "governmental entity." The Parkways Authority's sovereign-immunity claim is strong enough to conclude that the district court "may be foreclosed from ordering relief" against it. § 1332(d)(5)(A). So § 1332(d)(2)'s jurisdictional grant "shall not apply." *Id.* Since that is the only provision that Monaco relies on to establish jurisdiction over her putative class action, the district court lacked jurisdiction to hear it.[5]

*    *    *

We conclude that, here, § 1332(d)(5)(A) bars jurisdiction under § 1332(d)(2) of the Class Action Fairness Act. Accordingly, the judgment of the district court must be vacated, and the case remanded to the district court with directions to dismiss without prejudice.

*VACATED AND REMANDED*

---

[5] No other Court of Appeals appears to have addressed this specific question. Questions about § 1332(d)(5)(A) tend to arise when there are multiple primary defendants, some of whom are private entities. *See, e.g.*, *Kendrick*, 910 F.3d at 1257; *Frazier*, 455 F.3d at 544; *Woods v. Standard Ins. Co.*, 771 F.3d 1257, 1260 (10th Cir. 2014). In these cases, courts can avoid answering the question raised here because the limitation in § 1332(d)(5)(A) applies only when *all* primary defendants are "States, State officials, or other governmental entities." *See Kendrick*, 910 F.3d at 1262 (Watford, J., dissenting); *Frazier*, 455 F.3d at 546; *Woods*, 771 F.3d at 1263–64.